OPINION OF THE COURT
Glenn R. Morton, J.
The within matter came on for a hearing before this court *27 on July 31, 1991 on defendant’s motion to suppress certain statements and physical evidence. Following completion of proof and an opportunity to file briefs, the matter was finally submitted August 14, 1991.
Based on the proof submitted, it would appear that during the early morning hours of February 27, 1991, the defendant was arrested by Patrolman Dennis Rider of the Batavia Police Department for a possible break-in at the Deluxe Dry Cleaners. Subsequently, after investigating the scene, Investigator Patrick Corona approached the defendant while he was in custody at police headquarters shortly before 12:35 a.m. and took him to an interview room with Officer Rider. Immediately, Investigator Corona informed the defendant of his constitutional rights, the defendant acknowledged he understood such, and made an express waiver. Following a 55-minute oral interview, Investigator Corona, at approximately 1:25 A.M., commenced taking a written statement. After the defendant filled out the top portion containing a further waiver of his constitutional rights, the body of the written statement was typed by Investigator Corona. On completion, the statement was read to him, and the defendant signed it at 1:40 a.m. The defendant was then processed, issued an appearance ticket for later that day in City Court, and released from custody.
Following defendant’s arraignment on the charge of criminal mischief in the fourth degree as to the Deluxe Dry Cleaners incident, the assignment of counsel, and committing the defendant to jail in default of $4,000 bail, Investigator Corona applied for a search warrant at 9:00 p.m. on February 27, 1991. The warrant was then executed at the Genesee County Jail, where only a pair of boots was taken from the person of the defendant.
The evidence is that the defendant was in custody on the new charges when the statement was taken. No issue was raised at the hearing as to the validity of the initial arrest or the subsequent investigative detention at police headquarters. The evidence shows that the defendant was adequately advised of his constitutional rights prior to any questioning. The evidence fails to reflect that the defendant was intoxicated to any extent as would affect his ability to understand his rights or volition to make an intelligent waiver. It appears that the defendant was cooperative, the period involved was not lengthy, and the weight of the evidence is that the defendant made a knowing and intelligent waiver of both rights.
*28 The initial issue raised concerning the effectiveness of the waiver based on the existence of counsel on unrelated charges is easily resolved. The proof does reflect at the time the defendant was represented by an attorney on a pending assault charge, and Investigator Corona made no specific inquiries as to the existence of counsel in respect thereto. The evidence shows the earlier arrest was by the same police agency, the same desk sergeant was involved; and the officer would otherwise have been required to make inquiries under prior prevailing legal principles (People v Bartolomeo, 53 NY2d 225). However, such derivative right to counsel on new charges was overruled at the time of the statements (People v Bing, 76 NY2d 331). The defendant was previously at liberty and the actual custody here was unrelated to the earlier assault charge. The surviving Rogers rationale is therefore inapplicable (People v Rogers, 48 NY2d 167), and I find the defendant did make an effective waiver of both constitutional rights in the absence of counsel. Accordingly, his motion to suppress either the oral or written statements to Investigator Corona is denied.
The defendant’s request to suppress the search warrant is more of an issue of first impression. Subsequent to the statements, it would appear the defendant had been arraigned and his indelible right to counsel on the new charges had attached due to the commencement of the misdemeanor criminal action (People v Settles, 46 NY2d 154; Kirby v Illinois, 406 US 682). Based thereon, the defendant contends that a search of his person represented a critical stage, and the ex parte application during the course of the proceedings violated his right to counsel.
Parenthetically it is considered that the discovery provisions on notice are not the exclusive method of obtaining evidence from a defendant during the postaccusatory stage of the criminal action. It is noted that the saving clause in the discovery statute refers only to orders authorized prior to the filing of an accusatory instrument (CPL 240.40 [2]). However, the general authority for the issuance of a search warrant for all types of evidence independently exists. The statutory discovery language itself is equivocal as to the nature of the limitation and no indication exists that the Legislature ever intended to similarly preempt the traditional availability of search warrants after the commencement of the criminal action (cf., People v Moselle, 57 NY2d 97). Considering such it is construed statutorily that the authority to issue a search *29 warrant after the commencement of the action continues and the principal issue is whether such constitutes a critical stage of the proceedings involving the defendant’s constitutional right to counsel.*
In this respect it is considered that not all confrontations with the defendant, after commencement of the action, involve critical stages of the prosecution and specimen searches are generally excluded therefrom (cf., United States v Wade, 388 US 218, 227-228). Essentially in determining the defendant’s right to counsel the test remains whether such is necessary under the circumstances to cope with his legal problems or assist in meeting his adversary; and as to pretrial proceedings if an accurate reconstruction is possible the confrontation ceases to be critical (United States v Ash, 413 US 300). Historically search warrants are applied for ex parte and only the execution thereof involves the defendant. To the extent of the proof submitted it would appear that the execution here was entirely ministerial in nature and involved a nontestimonial confrontation. No contention has been advanced that could not accurately be reconstructed and I find any personal confrontation under these circumstances was not critical. Accordingly, the defendant’s motion to suppress the physical evidence is denied.

 Nor would it appear that constitutional due process would otherwise require notice to the defendant where only a corporeal nonintrusive search is involved (cf., Matter of Abe A., 56 NY2d 288).