■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND DUGGER, Appellant.—Judgment, Supreme Court, Bronx County (Vincent Vitale, J.), rendered February 23, 1988, convicting defendant, upon his guilty plea, of murder in the second degree and sentencing him to an indeterminate term of imprisonment of from 15 years to life and imposing a $150 surcharge, is unanimously modified, on the law, to reduce the surcharge to $100, and is otherwise affirmed.

Defendant appeals from a conviction arising from having acted in concert with two cohorts in committing the murder of a fourth man.

As error, defendant claims that the court improperly accepted his plea without further inquiry into whether he had the requisite intent to commit second degree murder. Specifically, he argues that his statement at plea, that he and the two cohorts had been drinking liquor and were "high" when the crime was committed, should have alerted the court to conduct a further inquiry into whether defendant possessed the requisite intent to plead guilty to the crime charged.

As a preliminary matter, we find that defendant has failed to preserve his contention for appellate review since he never objected at plea or sentence on these grounds (see, People v Iannelli, 69 NY2d 684, 685, cert denied 482 US 914). Since this contention is not preserved as a matter of law, we decline to reach it. Were we to consider it in the interest of justice, however, we would nonetheless affirm. The defendant's statements at allocution clearly established that defendant possessed the requisite intent to have committed second degree murder. Further, Criminal Term conducted sufficient additional inquiry, once defendant mentioned he was "high" at the time of the crime, to determine whether defendant possessed the required intent, before acceptance of the plea.

The court, however, improperly imposed a $150 mandatory surcharge pursuant to Penal Law § 60.35. The statute provided for the imposition of a $100 mandatory surcharge upon all defendants convicted of felonies in the courts of this State (Penal Law § 60.35 [1] [a]). We, therefore, modify to reduce the $150 surcharge to $100. Concur—Kupferman, J. P., Ross, Asch, Ellerin and Rubin, JJ.