■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS NEGRON, Appellant. [635 NYS2d 615] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered March 23, 1994, convicting defendant, upon his plea of guilty, of murder in the second degree, and sentencing him to a term of 19 years to life, unanimously affirmed.

Defendant's claim that his plea allocution was insufficient because the court failed to inquire about a possible justification defense is unpreserved for appellate review as a matter of law, since defendant neither moved to withdraw the plea before sentencing on such ground nor to vacate the judgment of conviction (*People v Toxey*, 86 NY2d 725, *affg* 202 AD2d 330). The narrow exception to the preservation rule explained in *People v Lopez* (71 NY2d 662, 666) does not apply, since in neither the allocution nor the motion to withdraw the plea did defendant indicate that he fired the shots at the group of men because he feared that they were about to attack him and his friends, or otherwise say anything to cast "significant doubt" upon his guilt (*People v Toxey, supra*). It is of no moment that the plea court was aware that defendant's post arrest statements raised a justification defense, since defendant did not reiterate those statements at his plea allocution.

Defendant's contention that the court erred in summarily denying his *pro se* motion to withdraw the plea without appointing new counsel and conducting a hearing to determine whether the plea was the result of coercion by counsel is not preserved for appellate review (CPL 470.05 [2]; *see, People v Campbell*, 200 AD2d 364, *lv denied* 83 NY2d 869). Counsel's pessimism regarding defendant's chances at trial and his advice to accept the plea do not indicate ineffective assistance (*see, People v Rivera*, 71 NY2d 705, 709). Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.