■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNN HARRIS, Appellant. [674 NYS2d 25] —Judgment, Supreme Court, New York County (James Leff, J.), rendered April 29, 1996, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him to a term of 2 to 6 years, unanimously affirmed.

Defendant was not entitled to a *Wade* hearing concerning an identification by a deceased witness, since the witness would not be testifying at trial (CPL 710.20 [6]). Defendant's plea was knowing, intelligent, and voluntary. His factual allocution did not cast significant doubt on his guilt (*see, People v Toxey*, 86 NY2d 725; *People v Lopez*, 71 NY2d 662), and his exculpatory statements made other than during the plea allocution itself are irrelevant (*People v Negron*, 222 AD2d 327, *lv denied* 88 NY2d 882). The record provides no support for defendant's claim that his mental state at the time of the plea was affected

by lack of needed medication (*see, People v Gonzales,* 231 AD2d 939, *lv denied* 89 NY2d 923). The court properly refused to appoint new counsel on the day of trial because defendant failed to establish good cause for such substitution (*People v Sides,* 75 NY2d 822), and properly denied defendant's similar request at sentencing. Neither counsel's refusal to join in defendant's meritless *pro se* motion to withdraw his plea (*see, People v Kelly,* 232 AD2d 314; *People v Beach,* 225 AD2d 364, *lv denied* 88 NY2d 933), nor defendant's meritless claim of coercion by counsel (*see, People v Senghor,* 248 AD2d 299) warranted substitution. Concur—Sullivan, J. P., Rosenberger, Wallach and Andrias, JJ.