■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY GOLDSTEIN, Appellant. [733 NYS2d 143] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered January 8, 1999, convicting defendant, upon his plea of guilty, of three counts of robbery in the second degree and one count of resisting arrest, and sentencing him as a second felony offender to concurrent terms of seven years on the robbery convictions, and one year on the resisting arrest conviction, unanimously affirmed.

Defendant was convicted of robbing three dry cleaning stores

at separate locations on June 13, 1998. He was apprehended shortly after the robberies. When he was removed to the precinct, he made a voluntary confession. The first statement was recorded by an officer. A second statement later that day was written by defendant, during which he expressed remorse and explained his purportedly aberrant behavior as resulting from two months' usage of medication for back pain and anxiety, the effects of which he described as enhanced by his consumption of beer. Subsequently, he was identified in lineups. At the suppression hearing, the officer who conducted the first lineup on the same day as the arrest testified that defendant had not appeared to be intoxicated when he saw him. Prior to completion of the suppression hearing, defendant indicated his intention to plead guilty in exchange for a promised sentence.

At the plea proceeding, defendant acknowledged that his confession was true and voluntarily made, and that there had been no coercion or other promises made. He made the standard *Boykin* waivers and allocuted to the essential facts of the charges. At no time did he raise the issue of intoxication or otherwise indicate that his state of mind at the time of the crime negated the requisite specific intent. Defendant never moved to vacate his plea. As such, the present challenge to the purported infirmity of the plea allocution on the basis that the court had failed to make further inquiry into a possible defense of intoxication is unpreserved for review as a matter of law (*People v Dugger*, 161 AD2d 283, *lv denied* 76 NY2d 855; *see, People v Negron*, 222 AD2d 327, *lv denied* 88 NY2d 882). Moreover, nothing on the face of the record casts doubt on the voluntariness of the plea (*People v Pantoja*, 281 AD2d 245, *lv denied* 96 NY2d 905; *People v Harris*, 251 AD2d 79, *lv denied* 92 NY2d 925; *cf., People v Jimenez*, 73 AD2d 533 [defendant's intoxication impeded his ability to recall and thus allocute to facts at plea proceeding; further inquiry required]; *cf., People v Osgood*, 254 AD2d 571 [same]) so that the court was not required to make any further *sua sponte* inquiry regarding possible defenses (*People v Pantoja, supra*). Finally, these facts clearly defeat any claim that defendant's intoxication, if any, in any manner rendered him incapable of forming the necessary intent (*People v Wheeler*, 251 AD2d 86, *lv denied* 92 NY2d 931; *see, People v Gonzalez*, 211 AD2d 446, *lv denied* 85 NY2d 938; *People v Dugger, supra*; *People v Ntiamoah*, 247 AD2d 248, *lv denied* 91 NY2d 975 [homicide]). We have considered defendant's remaining contentions and find them to be without merit. Concur—Nardelli, J. P., Williams, Tom, Andrias and Marlow, JJ.