(December 26, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. KEYES, Appellant. [753 NYS2d 159] —Carpinello, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered August 13, 1999, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree, assault in the second degree, attempted assault in the second degree and resisting arrest.

Defendant was charged in a multicount indictment with various crimes after he unlawfully entered a home for the mentally retarded, attacked a pregnant employee and then resisted arrest. Subsequently, defendant entered a plea of guilty to burglary in the first degree, assault in the second degree, attempted assault in the second degree and resisting arrest in full satisfaction of the indictment. He was sentenced to a number of concurrent prison terms, the longest of which was a determinate 10-year prison term on the burglary charge. In addition, pursuant to Penal Law § 70.45 (1), defendant was also subject to five years of postrelease supervision. Defendant appeals.

Initially, although the People contend that defendant did not file a timely notice of appeal in compliance with the requirements of CPL 460.10 (1) (a), we note that defendant's motion to extend the time within which to take an appeal was granted. Consequently, dismissal of the appeal on procedural grounds is not warranted.

Turning to the merits, defendant challenges the voluntariness of his plea, arguing that County Court should have made a further inquiry concerning the potential defense of drug intoxication or mental defect and that the plea allocution was deficient. We note that inasmuch as defendant failed to make a postconviction motion to withdraw his plea or to vacate the

judgment of conviction, he has failed to preserve these claims for our review (*see People v Johnson*, 297 AD2d 879; *People v Jaworski,* 296 AD2d 597). The plea transcript does not indicate that defendant's factual recitation casts significant doubt on his guilt and, therefore, no exception to the preservation rule is presented and County Court was under no obligation to conduct a further inquiry prior to accepting the plea (*see People v Jaworski, supra* at 598; *People v Thompkins*, 233 AD2d 759, 760). Nevertheless, were we to address the merits, we would find that the guilty plea was voluntarily entered. "[D]efendant's affirmative responses to County Court's questions established the elements of the crimes charged and there is no indication in the record that the voluntary plea was baseless or improvident" (*People v Kemp*, 288 AD2d 635, 636; *see People v Bunger*, 269 AD2d 620, *lv denied* 94 NY2d 945).

We reach a different conclusion, however, with respect to County Court's failure to advise defendant of the five-year statutorily mandated period of postrelease supervision. This Court has held that such an error requires that a defendant be afforded an opportunity to withdraw his or her plea, even where the defendant has not preserved the issue by an appropriate postconviction motion (*see People v Harler*, 296 AD2d 712; *People v Jachimowicz*, 292 AD2d 688). Accordingly, we exercise our discretion in the interest of justice (*see* CPL 470.15 [3] [c]) and find that defendant should be afforded that opportunity here (*see People v Jachimowicz, supra*).

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.