■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMIAH C. BEACH, Appellant. [760 NYS2d 912] —Lahtinen, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered October 12, 2001, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the first degree and stalking in the first degree.

Defendant was charged in a multicount indictment with various crimes stemming from an incident in which he entered the home of a former girlfriend and engaged in a physical altercation with her and her male companion. He pleaded guilty to attempted burglary in the first degree and stalking in the first degree in full satisfaction of the indictment. He was thereafter sentenced, in accordance with the plea agreement, to a determinate prison term of four years on the attempted burglary conviction and a concurrent indeterminate prison term of $1\frac{1}{3}$ to 4 years on the stalking conviction. Defendant now appeals.

Defendant contends that his plea should be vacated because County Court did not make sufficient inquiry as to whether he affirmatively waived the defense of intoxication. Initially, we note that defendant's failure to move to withdraw the plea or vacate the judgment of conviction precludes him from raising this claim (*see People v Keyes*, 300 AD2d 909, 909 [2002]; *People v Jaworski*, 296 AD2d 597, 597 [2002]). In any event, were we to consider it, we would find it to be without merit. Defendant's factual recitation did not cast significant doubt upon his guilt so as to trigger the exception to the preservation rule and obligate County Court to undertake further inquiry concerning the potential defense of intoxication (*see People v Keyes, supra* at 910; *People v Jaworski, supra* at 598). Indeed, defendant admitted that he forcibly entered the dwelling of his former girlfriend without permission and assaulted her. At no time did he indicate that he was unable to recall the details of the incident because he was under the influence of alcohol (*cf. People v Osgood*, 254 AD2d 571, 572 [1998]). Therefore, we find no basis for vacating the plea.

Defendant's challenge to the severity of the sentence is also unpersuasive. Given defendant's criminal history, the violent nature of the crimes at issue and defendant's acquiescence to the sentence imposed, we do not find that extraordinary circumstances exist warranting modification of the sentence in the interest of justice (*see People v Terry*, 300 AD2d 757, 758 [2002], *lv denied* 99 NY2d 620 [2003]).

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.