■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSVALDO FIALLO, Appellant. [777 NYS2d 297]—

Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered October 11, 2001, convicting defendant, upon his plea of guilty, of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.

Since the issue was not raised in defendant's motion to withdraw his guilty plea, his present claim that the court should have made further inquiry into a possible intoxication defense is unpreserved (*People v Mackey*, 77 NY2d 846 [1991]), and we decline to review it in the interest of justice. Were we to review this claim, we would find no basis for reversal. Nothing in the plea allocution record itself refers to an intoxication defense or casts doubt on the voluntariness of the plea, and the court was not required to make a sua sponte inquiry regarding defendant's mention of intoxication on other occasions (*see People v Goldstein*, 288 AD2d 76 [2001], *lv denied* 97 NY2d 729 [2002]; *People v Harris*, 251 AD2d 79 [1998], *lv denied* 92 NY2d 925 [1998]). In any event, even if we were to take into consideration defendant's reference to intoxication at an uncompleted plea proceeding several months earlier, we would still find that defendant's ultimate plea was knowing, intelligent and voluntary. At the prior proceeding, the court refused to accept a guilty plea and warned defendant that if he claimed his homicidal intent had been negated by intoxication, he should proceed to trial.

After according defendant a sufficient opportunity to be heard, the court properly exercised its discretion in summarily denying defendant's motion to withdraw his guilty plea (*see People v Frederick,* 45 NY2d 520 [1978]). Defendant's claims were entirely conclusory, and his plea allocution contradicted his claims and established the voluntariness of the plea (*see e.g. People v Martinez*, 289 AD2d 70 [2001], *lv denied* 97 NY2d 757 [2002]). Defendant received effective assistance of counsel at all stages, including his plea withdrawal motion, and his conclusory, meritless attorney-coercion claim did not create a conflict of interest requiring appointment of new counsel (*see Hines v Miller*, 318 F3d 157, 162-164 [2003], *cert denied* 538 US 1040 [2003]).

By making a valid waiver of his right to appeal, defendant "elect[ed] to foreclose review of [his] negotiated sentence"

(*People v Seaberg*, 74 NY2d 1, 10 [1989]). In any event, were we to find that defendant did not validly waive his right to appeal, we would perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Tom, Ellerin, Williams and Lerner, JJ.