■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN C. PHILLIPS, Appellant. [819 NYS2d 129]—

Crew III, J.P. Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered December 5, 2003, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree.

Defendant agreed to waive indictment and proceed on a superior court information charging him with sodomy in the first degree. Following several conferences, a plea agreement was reached whereby defendant agreed to plead guilty to the sole charge and waive his right to appeal with the understanding that he would be sentenced to 17 years in prison and five years of postrelease supervision. County Court thereafter accepted defendant's plea of guilty and subsequently sentenced him in accordance with the plea agreement. Defendant now appeals, arguing that his plea of guilty was involuntary.

Defendant contends that County Court should have made an inquiry into his knowledge and waiver of a possible defense of intoxication. As defendant has not moved to withdraw his plea or vacate the judgment of conviction, this argument is not preserved for appellate review (*see People v Beach*, 306 AD2d 753, 754 [2003]; *People v Keyes*, 300 AD2d 909, 909-910 [2002]). Nonetheless, were we to review this claim, we would find it to be without merit.

The plea transcript indicates that defendant's plea was knowing, voluntary and intelligent and that he admitted engaging in the conduct alleged. Significantly, defendant did not make any statements during the plea allocution that tended to negate any element of the crime or raise the issue of his intoxication (*see People v Fiallo*, 6 AD3d 176, 177 [2004], *lv denied* 3 NY3d 640 [2004]; *People v Beach, supra* at 754), and County Court had no duty to conduct an inquiry concerning the potential defense of intoxication based upon comments made by defendant during the Probation Department's presentence investigation or the sentencing proceeding (*see People v Fiallo, supra* at 177; *People v Jordan*, 292 AD2d 860, 861 [2002], *lv denied* 98 NY2d 698 [2002]; *People v Harris*, 251 AD2d 79 [1998], *lv denied* 92 NY2d 925 [1998]).

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.