■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEDRICK BLACKWELL, Appellant. [836 NYS2d 608]—Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered November 8, 2004, convicting defendant, upon his plea of guilty, of robbery in the first degree and attempted robbery in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life and 16 years to life, respectively, unanimously affirmed.

Defendant's claim that his plea allocution was insufficient because the court failed to inquire about a possible defense is unpreserved for appellate review since defendant neither moved to withdraw his plea nor moved to vacate his conviction (*see People v Toxey*, 86 NY2d 725 [1995]). The narrow exception to the preservation rule explained in *People v Lopez* (71 NY2d 662, 665-666 [1988]) does not apply since his factual allocution does not cast significant doubt on his guilt. The court's duty to inquire was not triggered either by defendant's statement made upon his arrest or by the codefendant's plea allocution on a different date (*see People v Fiallo*, 6 AD3d 176 [2004], *lv denied* 3 NY3d 640 [2004]; *People v Harris*, 251 AD2d 79 [1998], *lv denied* 92 NY2d 925 [1998]; *People v Negron*, 222 AD2d 327 [1995], *lv denied* 88 NY2d 882 [1996]). In any event, the record demon-

strates that defendant's plea was knowingly and voluntarily entered. Defendant acknowledged that he had conferred with counsel and was waiving any defenses that he might have. Concur—Friedman, J.P., Marlow, Nardelli, Buckley and Kavanagh, JJ.