■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BOONE, Appellant. [930 NYS2d 870]—

By pleading guilty, defendant forfeited appellate review of his claim that he was entitled to dismissal of the indictment on the ground that the People introduced allegedly improper evidence before the grand jury (*see People v Hansen*, 95 NY2d 227 [2000]; *People v Cuoco*, 69 AD3d 468, 468 [2010], *lv denied* 14 NY3d 839 [2010]). There is no basis for applying the limited exception set forth in *People v Pelchat* (62 NY2d 97 [1984]).

The court properly denied defendant's suppression motion. There is no basis for disturbing the credibility determinations made by the Judicial Hearing Officer and adopted by the court.

The record, taken as a whole (*see People v Providence*, 2 NY3d 579, 583 [2004]), establishes that, after a brief but sufficient colloquy, defendant made a knowing and intelligent waiver of his right to counsel at the suppression hearing.

Since defendant did not move to withdraw his guilty plea, he did not preserve his claim that the plea court was obligated to ask defendant if he understood he was giving up an intoxication defense. This case does not come within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662 [1988]), because there was nothing in the plea allocution that cast doubt on defendant's guilt or raised any defense. Accordingly, this claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The record establishes that defendant's plea was knowing, intelligent and voluntary. Nothing occurred at the plea proceeding that would trigger a duty to inquire about a waiver of an intoxication defense (*see e.g. People v Fiallo*, 6 AD3d 176, 177 [2004], *lv denied* 3 NY3d 640 [2004]).

We have considered and rejected the claims contained in defendant's pro se supplemental brief. Concur—Gonzalez, P.J., Andrias, Saxe and Sweeny, JJ.