Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered July 26, 2011, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
There is no merit to the defendant’s contention that the County Court improperly denied his request for substitution of new assigned counsel at sentencing without making sufficient inquiry to determine the validity of his claim. The court furnished the defendant with an ample opportunity to state the basis for his complaint against his attorney. However, the defendant failed to offer more than vague and conclusory assertions of deceit. As such, the court was not obligated to inquire further (see People v Porto, 16 NY3d 93, 100 [2010]; People v Woods, 110 AD3d 748 [2013]; People v Stevenson, 36 AD3d 634, 635 [2007]). Under the circumstances of this case, the court providently exercised its discretion in denying the request (see People v Porto, 16 NY3d at 101-102; People v Salgado, 111 AD3d 859, 860 [2013]; People v Harris, 251 AD2d 79, 80 [1998]).
By pleading guilty, the defendant forfeited appellate review of his claims, asserted in his pro se supplemental brief, of prosecutorial misconduct (see People v Hansen, 95 NY2d 227, 232 [2000]; People v Di Raffaele, 55 NY2d 234, 240 [1982]) and ineffective assistance of counsel that does not directly involve the plea negotiation and sentence (see People v Petgen, 55 NY2d 529, 535 n 3 [1982]; People v Tarrant, 114 AD3d 710, 710-711 [2014]; People v Dunne, 106 AD3d 928 [2013]). Moreover, the defendant’s valid waiver of his right to appeal further precludes appellate review of his contention that he was deprived of the effective assistance of counsel unrelated to the voluntariness of his plea (see People v Gomez, 114 AD3d 701, 702 [2014]; People v Murphy, 114 AD3d 704, 705 [2014]; People v Tarrant, 114 AD3d at 711).
Rivera, J.P, Austin, Roman and Hinds-Radix, JJ., concur.