THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN RODRIGUEZ, Appellant. [40 NYS3d 429]—

Judgment, Supreme Court, New York County (Thomas Farber, J., at suppression hearing; Cassandra M. Mullen, J., at plea and sentencing), rendered January 13, 2014, convicting defendant of two counts of robbery in the first degree, and sentencing him to concurrent terms of five years, unanimously affirmed.

The suppression court properly exercised its discretion in denying defendant's request for assignment of new counsel, since defendant did not establish good cause for such substitution (*see People v Linares*, 2 NY3d 507 [2004]). To the extent there was a breakdown in communication between defendant and his attorney, the court's thorough inquiry revealed that the source of any breakdown was defendant's unjustified dissatisfaction with the attorney, and that defendant's complaints about the attorney at issue were actually complaints about the conduct of a different attorney, who had already been relieved, or were unfounded (*see People v Sawyer*, 57 NY2d 12, 19 [1982], *cert denied* 459 US 1178 [1983]; *People v Medina*, 44 NY2d 199, 208-209 [1978]).

The court properly denied defendant's motion to suppress. The stop of defendant was supported by, at least, reasonable suspicion, where defendant met a detailed description whose most distinctive feature (missing teeth) was far more significant than any discrepancies regarding ethnicity and skin tone. The showup identification was not unduly suggestive, because "the overall effect of the allegedly suggestive circumstances was not significantly greater than what is inherent in any showup" (*People v Reed*, 137 AD3d 438, 439 [1st Dept 2016], *lv denied* 27 NY3d 1138 [2016]), including "the likelihood that an

identifying witness will realize that the police are displaying a person they suspect of committing the crime, rather than a person selected at random" (*People v Gatling*, 38 AD3d 239, 240 [1st Dept 2007], *lv denied* 9 NY3d 865 [2007]). We have considered and rejected defendant's remaining arguments concerning the suppression proceedings.

Defendant's claim that his plea was invalid because the court failed to inquire about a possible affirmative defense to first-degree robbery does not come within the narrow exception to the preservation requirement (*see People v Conceicao*, 26 NY3d 375 [2015]; *People v Lopez*, 71 NY2d 662, 665 [1988]), and we decline to review this unpreserved claim in the interest of justice. As an alternate holding, we find no basis for reversal. During the plea allocution itself, defendant admitted his guilt and said nothing that raised any defense (*see People v Toxey*, 86 NY2d 725 [1995]). "The court's duty to inquire was not triggered by statements defendant may have made at junctures other than the plea proceeding itself" (*People v Sands*, 45 AD3d 414, 415 [1st Dept 2007], *lv denied* 10 NY3d 816 [2008]), or by other information extrinsic to the plea allocution (*see People v Blackwell*, 41 AD3d 121 [2007], *lv denied* 9 NY3d 989 [2007]). Concur—Mazzarelli, J.P., Andrias, Saxe, Feinman and Gische, JJ.