People v Vargas (2018 NY Slip Op 04516)





People v Vargas


2018 NY Slip Op 04516


Decided on June 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2018

Friedman, J.P., Sweeny, Webber, Kahn, Oing, JJ.


6918 3803/12

[*1]The People of the State of New York, Respondent,
v
Octavio Vargas, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Kristina Schwarz of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.



Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered February 20, 2013, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him to a term of two years, unanimously affirmed.
Defendant's challenge to the voluntariness of his plea is unpreserved, and we decline to review it in the interest of justice. Because "defendant said nothing at the plea colloquy or sentencing proceeding that negated an element of the crime," the narrow exception to the preservation rule does not apply (see People v Pastor, 28 NY3d 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 665 [1988]). The court was not required to make a sua sponte inquiry into defendant's assertion of a justification defense in his postarrest statement to the police (see e.g. People v Negron, 222 AD2d 327 [1st Dept 1995], lv denied 88 NY2d 882 [1996]), or in his presentence interview (see e.g. People v Rojas, 159 AD3d 468 [1st Dept 2018]).
In any event, the only relief defendant requests is dismissal of the indictment rather than vacatur of the plea, and he expressly requests this Court to affirm the conviction if it does not grant a dismissal. Since we do not find that dismissal would be appropriate, we affirm on this basis as well (see e.g. People v Teron, 139 AD3d 450 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 19, 2018
CLERK