People v Minaya-Rodriguez (2021 NY Slip Op 05673)





People v Minaya-Rodriguez


2021 NY Slip Op 05673


Decided on October 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 19, 2021

Before: Gische, J.P., Webber, Mazzarelli, Moulton, Pitt, JJ. 


Ind No. 2086/18 Appeal No. 14413 Case No. 2019-5888 

[*1]The People of the State of New York, Respondent,
v
Elvin Minaya-Rodriguez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Danielle Krumholz of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jillian Lewis of counsel), for respondent



Judgment, Supreme Court, New York County (Laurie Peterson, J.), rendered September 7, 2018, as amended October 4, 2018, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of 1½ years, unanimously affirmed.
Defendant's challenge to the voluntariness of his plea is unpreserved, and we decline to review it in the interest of justice. "[W]here the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea, . . . the trial court has a duty to inquire further to ensure [the] guilty plea is knowing and voluntary" (People v Lopez, 71 NY2d 662, 666 [1988]). Here, "[d]efendant said nothing during the plea colloquy or the sentencing proceeding that negated an element of the crime" (People v Pastor, 28 NY3d 1089, 1090-1091 [2016]). While defendant made a number of comments suggesting that he did not know that the package he was carrying when arrested contained a controlled substance, he made these assertions at an earlier call of the calendar and "did not reiterate those statements at his plea allocution" (People v Negron, 222 AD2d 327, 327 [1st Dept 1995], lv denied 88 NY2d 882 [1996]). The record shows that in response to the court's questions, defendant admitted his guilt as to all the elements of the crime (see People v Adamson, 149 AD3d 534 [1st Dept 2017], lv denied 29 NY3d 1089 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2021