People v Ba (2022 NY Slip Op 50004(U))

[*1]

People v Ba (Mamadou)

2022 NY Slip Op 50004(U) [73 Misc 3d 148(A)]

Decided on January 7, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 7, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Silvera, JJ.

570300/17

The People of the State of New York,
Respondent,
against
Mamadou Ba, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Lyle E. Frank, J.), rendered April 27, 2017, convicting him, upon a plea of guilty,
of unlicensed general vending, and sentencing him to a $500 fine and $250 surcharge.

Per Curiam.
Judgment of conviction (Lyle E. Frank, J.), rendered April 27, 2017, modified, as a matter of
discretion in the interest of justice, to reduce the $250 surcharge to $200, and otherwise
affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed
under the reasonable cause standard applicable to a misdemeanor complaint (see People v
Dumay, 23 NY3d 518, 522 [2014]). So viewed, the misdemeanor complaint was
jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable
cause to believe that defendant engaged in unlicensed general vending (see
Administrative Code of City of NY § 20—453), the offense to which defendant
ultimately pleaded guilty. The instrument recited that the arresting officer observed defendant
standing for approximately five minutes on the corner of Avenue of the Americas and West 48th
Street, next to a handcart that had a blanket covering approximately 20 handbags; that defendant
handed two different females a handbag from the handcart and then pointed to additional
handbags; that the females examined the handbag; that the defendant was the only person who
was uninterruptedly in immediate proximity to the merchandise, which he never left unattended;
and that defendant did not have a license issued by the Department of Consumer Affairs. Based
on these allegations, a factfinder could reasonably infer that defendant engaged in the conduct
required for acting as a general vendor (see People v Kasse, 22 NY3d 1142 [2014]; People v Abdurraheem, 94 AD3d
569 [2012], lv denied 19 NY3d 970 [2012]).
Defendant's challenge to the legal sufficiency of the third-degree trademark counterfeiting
charge contained in the accusatory instrument is unavailing, since he is not aggrieved by alleged
defects in a charge of which he was not convicted (see People v Ruiz, 146 AD3d 417 [2017], lv denied 28
NY3d 1188 [2017]).
We perceive no basis for reducing the fine. Defendant received the precise sentence for
which he had bargained, which was within the permissible statutory range (see
Administrative Code of City of NY § 20-472).
The court, however, improperly imposed a mandatory surcharge and crime victim assistance
fee in the sum of $250. Penal Law § 60.35[1][a][ii] imposes a mandatory surcharge of $175
and a crime victim assistance fee of $25 upon defendants convicted of a misdemeanor. We
therefore modify to reduce the $250 surcharge to $200 (see People v Dugger, 161 AD2d
283 [1990], lv denied 76 NY2d 855 [1990]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: January 7, 2022