People v Perez (2025 NY Slip Op 00280)

People v Perez

2025 NY Slip Op 00280

Decided on January 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2025

Before: Webber, J.P., Gesmer, Shulman, Pitt-Burke, Higgitt, JJ. 

Ind No. 1601/18 Appeal No. 3521 Case No. 2019-03789 

[*1]The People of the State of New York, Respondent,
v
Joann Perez Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Rebecca J. Gannon of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.

Judgment, Supreme Court, New York County (Ellen N. Biben, J.), rendered May 9, 2019, convicting defendant, upon her plea of guilty, of grand larceny in the third degree, and sentencing her to five years of probation, unanimously affirmed.
Defendant argues that the court should have made further inquiry before sentencing because the presentence report attributed two sentences to her which arguably suggested that she was not guilty of grand larceny. This claim is unpreserved because defendant never moved to withdraw her plea or to vacate the judgment (see People v Blackwell, 41 AD3d 121, 121 [1st Dept 2007], lv denied 9 NY3d 989 [2007]), and we decline to address the issue in the interest of justice (see People v Vargas, 162 AD3d 531 [1st Dept 2018], lv denied 32 NY3d 942 [2018]). In any event, it is well established that the narrow exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply to statements a defendant makes in an interview for the presentence report (see People v Rojas, 159 AD3d 468, 468 [1st Dept 2018], lv denied 31 NY3d 1086 [2018]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2025