THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS H. BRAMAN, Appellant.

Third Department, April 7, 1988

**APPEARANCES OF COUNSEL**

*Robert M. Cohen* for appellant.

*David A. Wait, District Attorney (Donna J. Arnold* of counsel), for respondent.

## OPINION OF THE COURT

LEVINE, J.

Defendant was indicted on charges of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the third degree based upon an incident in which he allegedly stabbed a woman with grass shears in the City of Saratoga Springs, Saratoga County. After it had been determined that he was competent to stand trial, defendant decided to accept a plea bargain which would permit him to plead guilty to assault in the first degree in satisfaction of the entire indictment and receive a sentence of 3½ to 7 years' imprisonment. It was also determined that County Court would impose the sentence immediately upon the entry of his plea.

When defendant appeared for entry of his plea and sentencing, County Court asked him to describe the incident in his own words. Defendant responded, "Well, I really don't know what happened." At that point, the prosecutor described the People's version of the alleged incident and noted that the statements given by both the victim and defendant identified defendant as the assailant. The court then asked defendant whether the prosecutor's description of the event refreshed his recollection, to which defendant replied: "Really, I don't know what happened because I was loaded that night and the next morning I woke up, and I didn't know what I was in jail for or nothing, and they told me I signed a statement on myself and I don't remember signing nothing." After being advised of the terms of incarceration he would be exposed to if he was found guilty after trial, it was evident that defendant still wished to plead guilty. Prior to accepting his plea, County Court inquired whether: "[pleading guilty] is what you want to do, despite the fact that as you stand here before me you are apparently having some difficulty in recollecting as you say because perhaps you had been intoxicated or drinking, the events of the 29th of April. Any question about it in your mind? I have got to be sure that it is what you want to do." Defendant responded that he wanted to plead guilty, and County Court accepted his plea and imposed the negotiated sentence.

On appeal, defendant contends that, based on his state-

ments during the allocution, County Court should have ascertained whether defendant was aware of his possible intoxication defense prior to accepting his guilty plea. Defendant further contends that since the record does not show that he knowingly waived this potential defense, his plea and conviction should be vacated (see, *People v Cintron*, 72 AD2d 568; *see also, People v Serrano*, 15 NY2d 304). Although the prosecution points out that defendant failed to preserve the issues he raises on this appeal by not moving to vacate his judgment of conviction, where, as here, the procedure challenged is on the face of the record, this court may exercise its discretion to review the matter in the interest of justice (see, *People v Serrano, supra*, at 309; *People v Jimenez*, 73 AD2d 533, 534). As to the merits, the prosecution contends that there was no need for further inquiry here since the plea entered by defendant was essentially an *Alford* plea in that it was not based upon an admission that he had committed the underlying criminal conduct (see, *North Carolina v Alford*, 400 US 25). The prosecution further contends that defendant's statements during the allocution were not inconsistent with guilt and that, under the circumstances, County Court's inquiry was sufficient to ascertain that defendant's decision to plead guilty was a voluntary and intelligent one (see, *People v Francabandera*, 33 NY2d 429, 434).

The general rule is that "where the defendant's assertions * * * raise the possibility of a defense, the trial court is obligated to conduct further inquiry" to ascertain whether the defendant's waiver of this potential defense was a knowing one (*People v Quiles*, 72 AD2d 610; *see, People v Jimenez, supra; People v Cintron, supra; People v Corrado*, 65 AD2d 760). In our view, this rule applies with equal force to *Alford* pleas.

■ Here, defendant's statement to the court, that he was so "loaded" at the time the offense was committed that he had no recollection of the events, not only pertained to the impairment of his ability to honestly admit guilt, but also clearly raised the possibility of an effective defense of intoxication. The case of *People v Francabandera (supra)*, relied upon by the People, may stand for the proposition that such intoxication-induced retrograde amnesia does not prevent a defendant from entering a valid, otherwise knowing and intelligent *Alford* guilty plea. However, *Francabandera* did not alter the basic principle, already discussed, that once the trial court is put on notice of facts constituting a potential defense, further

inquiry of the accused is necessary to insure that, in pleading guilty, he has knowingly waived that defense. Where, as here, "it is impossible to ascertain whether the defendant was aware of the significance of his claim of intoxication", the conviction must be reversed and the plea vacated *(People v Cintron, supra; see, People v Quiles, supra)*.

In light of this disposition, we need not address defendant's other contentions.

MAHONEY, P. J., KANE, CASEY and HARVEY, JJ., concur.

Judgment reversed, as a matter of discretion in the interest of justice, guilty plea vacated, and matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this court's decision.