(October 22, 1998)

■ The People of the State of New York, Respondent, v Henry Osgood, Appellant. [681 NYS2d 365] —Graffeo, J. Appeals (1) from a judgment of the County Court of Fulton County (Lomanto, J.), rendered May 17, 1996, convicting defendant upon his plea of guilty of the crime of assault in the second degree, and (2) by permission, from an order of said court, entered December 15, 1997, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

At his arraignment, defendant pleaded guilty to assault in

the second degree in satisfaction of a three-count indictment charging defendant with assault in the second degree, attempted assault in the second degree and reckless endangerment in the first degree. Defendant further waived his right to appeal.

County Court asked defendant to describe the incident during the plea allocution. Defendant responded by stating that he did whatever the victim said happened. Upon further inquiry from the court as to whether the charge in the indictment was accurate, defendant declared that "if it says so, I did it". Defendant also indicated that he was intoxicated and reiterated that if "she [victim] said it, I did it". After making a determination that defendant understood the nature of the charges and that his plea was voluntary, County Court accepted defendant's plea in full satisfaction of the indictment. Thereafter, defendant was sentenced as a predicate felony offender to a definite term of six years. Defendant moved to vacate the judgment of conviction, primarily contending that he was denied due process and equal protection by reason of an improper plea allocution. County Court denied defendant's motion. Defendant appeals the denial of this motion and the judgment of conviction.*

During a plea allocution in which a defendant's statements raise the possibility of a defense to an element of the crime, the trial court must conduct an inquiry to determine whether the defendant's waiver of the potential defense is voluntary and intelligent (*see, People v Braman*, 136 AD2d 382, 384, *lv denied* 72 NY2d 911). Here, although defendant admitted his guilt during the plea allocution, he could not recite any facts of the incident due to his alleged intoxication. Defendant's statements suggested that he admitted guilt based on what other people told him since he had no recollection of the incident. In light of the fact that assault in the second degree requires specific intent (*see,* Penal Law §§ 110.00, 120.05), an element which may be negated by the defense of intoxication, County Court was required to make an inquiry of defendant to ensure that he knowingly waived that defense (*see, People v Braman, supra,* at 384; *People v Jiminez*, 73 AD2d 533).

Based on the record, we cannot ascertain whether defendant understood the existence and significance of the intoxication claim and knowingly and voluntarily waived this defense (*see, People v Braman, supra,* at 384-385). Although defendant waived his right to appeal his conviction as part of the plea

---

* It is noteworthy that the People agree with defendant's assertion that the conviction should be reversed based on County Court's error in failing to make a further inquiry during defendant's plea allocution.

bargain, defendant's waiver did not preclude raising the issue of the voluntariness of his plea (*see, People v Marziale*, 182 AD2d 1035, *lv denied* 80 NY2d 835; *cf., People v Lopez*, 71 NY2d 662). Since the plea itself was flawed and raised questions with respect to whether defendant's waiver of the intoxication defense was voluntary, he retained the right to challenge the plea notwithstanding the waiver (*cf., People v Seaberg*, 74 NY2d 1; *People v Francabandera*, 33 NY2d 429).

As a result of this conclusion, we do not address defendant's remaining contentions.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are reversed, on the law, guilty plea vacated and matter remitted to the County Court of Fulton County for further proceedings not inconsistent with this Court's decision.

