■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY MALDONADO, Appellant. [680 NYS2d 676] —White, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered May 24, 1995, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree.

In a plea bargain, defendant pleaded guilty to the crime of sodomy in the first degree by forcible compulsion (Penal Law § 130.50 [1]) and was sentenced to the agreed-upon term of imprisonment of 7 to 14 years. He now appeals. Instead of pursuing the appeal, defense counsel has applied to be relieved of her assignment as counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on appeal. We disagree.

When asked during the plea allocution to relate the facts of the crime, defendant replied that he could not recall exactly what happened because he had been drinking heavily. Following some additional colloquy, County Court accepted defendant's plea without ascertaining if defendant was aware of a possible intoxication defense that was available to him since the subject crime requires proof of intent (*see, People v Williams*, 81 NY2d 303, 316-317). Without such an inquiry, the validity of defendant's plea is in question since the record does not indicate whether he knowingly waived the potential defense (*see, People v Braman*, 136 AD2d 382, 384-385, *lv denied* 72 NY2d 911). We note that defendant may challenge the sufficiency of the plea allocution on direct appeal despite his failure to move to withdraw his plea or vacate the judgment (*see, People v Costanza*, 244 AD2d 988). Accordingly, defense counsel's application is granted and defendant must be assigned new counsel.

Cardona, P. J., Mikoll, Spain and Graffeo, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.