■ The People of the State of New York, Respondent, v Richard A. Moore, Jr., Appellant. [705 NYS2d 425] —Mugglin, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered February 19, 1999, convicting defendant upon his plea of guilty of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged with two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the seventh degree stemming from allegations that he sold cocaine to the same individual on April 30, 1998 and May 28, 1998. Defendant agreed to plead guilty to two counts of criminal sale of a controlled substance in the third degree in exchange for a joint sentencing recommendation of consecutive 1 to 3-year prison terms. During the plea allocution, however, defendant indicated

that he was under the influence of drugs and alcohol during the April 30, 1998 sale and could not recall whether he sold the individual one or two packets of cocaine. After further questioning defendant and advising him that his allocution raised a possible issue of criminal intent, County Court adjourned the matter to enable defendant to further discuss his options with defense counsel. Upon returning to court, defendant recited sufficient facts to establish each and every element of the pleaded crimes and, in response to County Court's inquiries, indicated his understanding that by pleading guilty he was waiving any issues relating to his intoxication or criminal intent. County Court thereafter accepted defendant's guilty plea and sentenced him to consecutive prison terms of 1 to 4 years on each conviction. Defendant appeals.

Initially, defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction and, accordingly, his challenge to the sufficiency of his plea allocution is not preserved for our review (see, People v Chappelle, 250 AD2d 878, lv denied 92 NY2d 894; People v Stockwell, 243 AD2d 992). Moreover, the narrow exception to the preservation doctrine is inapplicable here because, even assuming that defendant's initial factual recitation raised a question concerning his criminal intent or the availability of an intoxication defense, County Court satisfied any duty of further inquiry by advising defendant that an issue of criminal intent may have been raised, adjourning the matter to permit further consultation with counsel and subsequently ascertaining that defendant knowingly waived the potential defense (see, People v Lopez, 71 NY2d 662, 666; People v Pink, 265 AD2d 191, lv denied 94 NY2d 865; People v Williamson, 165 AD2d 686; cf., People v Maldonado, 254 AD2d 574). In any event, were we to review the merits, we would find that County Court properly accepted defendant's guilty plea following the second plea allocution inasmuch as the record reveals that the plea was knowing, voluntary and intelligent (see, People v Snow, 253 AD2d 985, 986, lv denied 93 NY2d 858).

Finally, defendant contends that the sentence imposed was harsh and excessive in view of his young age. We disagree. County Court was not bound by the joint sentencing recommendation of defense counsel and the prosecutor (see, People v Dopp, 261 AD2 715) and, considering defendant's significant juvenile and adult criminal history, we discern no basis to disturb the sentence imposed (see, People v Shabazz, 242 AD2d 764, lv denied 91 NY2d 836).

Crew III, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.