■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIK A. MUNCK, Appellant. [717 NYS2d 431] —Rose, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 29, 1999, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the first degree, attempted assault in the second degree and criminal possession of a weapon in the third degree.

After abandoning an earlier plea agreement, defendant appeared on the scheduled trial date and entered a counseled plea of guilty to an indictment charging him with attempted burglary in the first degree, attempted assault in the second degree and criminal possession of a weapon in the third degree stemming from an attempted break-in at an apartment in the Village of Endicott, Broome County. In response to County Court's inquiry during the colloquy, defendant acknowledged that he was waiving his right to assert an intoxication defense at trial, and stated that he was freely and voluntarily entering a plea of guilty. A week later defendant moved *pro se* to withdraw the plea. County Court denied the motion and sentenced defendant as a second felony offender to concurrent prison terms of 12 years for the burglary charge, 2 to 4 years for the assault charge and 3 to 6 years for the weapons charge. Defendant now appeals.

We reject defendant's contention that as a result of his intoxication, he lacked the requisite intent to commit the charged crimes and, therefore, his factual recitation was insuf-

ficient to support his guilty plea. As long as the court takes "precautions to assure that the defendant is aware of what he is doing," it may accept a guilty plea even though defendant's recitation of the underlying facts fails to establish all the elements of the crimes to which the defendant has pleaded guilty (*People v Serrano*, 15 NY2d 304, 310; *see, People v La Fave*, 265 AD2d 740, 742; *People v Palmo*, 223 AD2d 952, 953). When the colloquy raises the possibility of a defense such as intoxication, the trial court is obligated to inquire whether the defendant is aware of the defense and whether his or her waiver of it is intelligent and voluntary (*see, People v Osgood*, 254 AD2d 571, 572; *People v Braman*, 136 AD2d 382, 384, *lv denied* 72 NY2d 911).

Here, after permitting defendant to enter a *Serrano* plea, County Court clearly fulfilled its obligation by suspending the plea allocution as soon as defendant stated that he could not remember certain aspects of the crimes because he was intoxicated. When defendant then stated that he had doubts about the plea, the court spoke with him concerning the possibility of an intoxication defense, explained that his intoxication could negate a necessary element of the crimes charged, and informed him that by pleading guilty, he would waive his right to assert this defense at trial. Defendant then acknowledged that he was foregoing his right to pursue this defense at trial and only then did entry of his guilty plea continue. In light of this record, defendant's plea of guilty was properly accepted despite any earlier evidence of his intoxication (*see, People v Moore*, 270 AD2d 715, 716, *lv denied* 95 NY2d 800; *compare, People v Maldonado*, 254 AD2d 574; *People v Braman, supra*).

Defendant's remaining contentions have been examined and found to be without merit.

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.