■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK T. THOMSON, Appellant. [719 NYS2d 171] —Cardona, P. J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered December 23, 1997, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree, and (2) by permission, from an order of said court (Rosen, J.), entered November 30, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was charged in a 13-count indictment with various crimes arising from his theft of a bread truck in Saratoga County and ensuing police chase which resulted in his apprehension in Albany County. The charges included the crime of attempted murder in the first degree based upon allegations that defendant intentionally drove the truck into the driver's side of an occupied police vehicle. In satisfaction of all charges, defendant pleaded guilty to the reduced charge of attempted murder in the second degree. Following imposition of the agreed-upon prison sentence of 12½ to 25 years, defendant appealed from the judgment and also made a motion, pursuant to CPL 440.10, to vacate it. County Court denied the motion without a hearing. Thereafter, this Court granted defendant permission to appeal the order denying his motion to vacate and consolidated the two appeals.

Defendant argues that County Court committed reversible error in denying his motion to vacate the judgment without first conducting a hearing because his attorney did not provide him with effective assistance of counsel. In support of his claim, he asserts that his attorney failed to advise him that criminal intent was a necessary element of the crime of attempted murder in the second degree and that such element could have been negated by the fact that he was intoxicated at the time the subject crime was committed. Based upon our review of the record, we find that defendant's contention has merit.

The crime of attempted murder in the second degree requires the specific intent to cause the death of another person (see, Penal Law § 125.25 [1]). Intent is an element that can be ne-

gated by the defense of intoxication (*see, e.g., People v Osgood*, 254 AD2d 571, 572) and it has been held that a defense counsel's failure to offer available evidence of a defendant's intoxication in the trial of an intent crime "constituted 'true ineffectiveness' " (*People v Norfleet*, 267 AD2d 881, 883, *lv denied* 95 NY2d 801, quoting *People v Baldi*, 54 NY2d 137, 146). A defendant's awareness of the right to present such evidence is essential to a knowing plea of guilty (*see, People v Maldonado*, 254 AD2d 574; *People v Osgood, supra*).

In support of his motion to vacate the judgment, defendant submitted evidence indicating that intoxication may have been a viable defense to the crime to which he pleaded guilty but that defense counsel failed to advance it on his behalf. Specifically, he averred that he was unaware of the legal definition of criminal intent and, despite repeated requests, his attorney failed to obtain medical records relevant to his intoxication advising him that his lack of intent to kill anyone was irrelevant. Defendant further indicated that defense counsel represented to him that his intoxication "doesn't matter in this case at all." According to the presentence report, defendant had a long history of drug and alcohol addiction and was involved in many substance abuse treatment programs. He related to the officer who prepared the report that he had been drinking heavily on the day of the incident and did not remember all the events that happened.

In our view, the foregoing is sufficient to raise a question of fact as to the adequacy of defense counsel's representation and its effect upon the validity of the plea. Absent any discussion of intoxication during the plea allocution which indicated that defendant was actually aware of, and knowingly waived, his right to present evidence of intoxication to negate the element of intent, a hearing is required to resolve the factual issues raised in defendant's papers (*see, e.g., People v Shields*, 205 AD2d 833, 834-835).

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.