■ The People of the State of New York, Respondent, v Mark T. Thomson, Appellant. [768 NYS2d 846]—

Carpinello, J. Appeal, by permission, from an order of the County Court of Saratoga County (Scarano, J.), entered November 26, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of attempted manslaughter in the first degree, without a hearing.

In 1997, defendant stole a vehicle in Albany County and led police on a high speed chase throughout both Albany and Saratoga Counties. At the tail end of this chase, defendant drove the stolen vehicle into occupied police vehicles. The incident resulted in separate indictments being handed up against him

in Albany and Saratoga Counties. The highest count charged in each indictment was attempted murder in the first degree.

Each case was resolved by a guilty plea. Represented by the same attorney in both cases, defendant pleaded guilty to attempted murder in the second degree in satisfaction of the Albany County indictment and attempted manslaughter in the first degree in satisfaction of the Saratoga County indictment. The Saratoga County judgment was affirmed by this Court in 1999 following the filing of an *Anders* brief by then appellate counsel (265 AD2d 740 [1999]). Thereafter, however, defendant successfully moved to vacate the Albany County judgment on the ground of ineffective assistance of counsel (*People v Thomson*, 279 AD2d 644 [2001]). Specifically, defendant claimed that he was intoxicated during the incident yet his former attorney failed to advise him that this might constitute a defense to certain of the charged crimes, including attempted murder.* Defendant then sought to vacate his plea in Saratoga County, the denial of which without a hearing is now before us.

Two grounds were advanced by defendant in support of his application to vacate the plea in Saratoga County, namely, County Court's failure to make a sufficient inquiry into the voluntariness of his plea after he negated an essential element of attempted manslaughter during the plea allocution and ineffective assistance of counsel. The first ground was before us in the prior appeal from the Saratoga County judgment and, thus, our 1999 decision affirming the judgment bars its reconsideration (*see e.g. People v Rossney*, 186 AD2d 926 [1992], *lv denied* 81 NY2d 794 [1993]). However, our 2001 decision in the Albany County case, which ultimately resulted in vacatur of the Albany County plea on the ground of ineffective assistance of counsel (*see* n 1, *supra*), compels the conclusion that defendant's guilty plea in Saratoga County must also be vacated.

There can be no doubt that both indictments arose out of the same incident and that defendant was represented by the same attorney in both matters. According to defendant, the cases were discussed in conjunction with each other and, during the course of these discussions, his former attorney informed him that his intoxication, among other things, did not "matter in

---

* Pursuant to this Court's 2001 decision, a hearing was conducted to determine the adequacy of the representation received by defendant following which County Court (Breslin, J.) granted defendant's motion to vacate. During the course of this hearing, defendant's former counsel acknowledged that he never obtained any medical records relative to defendant's intoxication or advised defendant about the legal effect that intoxication could have on the charged crimes. His former counsel also agreed that defendant should be permitted to withdraw the plea.

the case at all." Notably, defendant's former attorney admitted in the course of the Albany County case that he never discussed a possible intoxication defense with defendant (*see* n 1, *supra*). Under these circumstances, the motion to vacate should have been granted (*see People v Thomson*, 279 AD2d 644 [2001], *supra*; *see also People v Osgood*, 254 AD2d 571 [1998]; *People v Maldonado*, 254 AD2d 574 [1998]; *compare People v Munck*, 278 AD2d 662 [2000]).

Mercure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, motion granted, judgment of conviction vacated and matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this Court's decision.