◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN McEADDY, Appellant. [798 NYS2d 554]—

Kane, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered January 6, 2004 in Albany County, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

After pleading guilty to the crime of robbery in the first degree and waiving his right to appeal, defendant moved to withdraw his plea alleging that it was involuntary and the result of ineffective assistance of counsel. Supreme Court denied the motion and thereafter sentenced defendant to the agreed-upon prison term of 17 years, followed by a five-year period of postrelease supervision. Defendant now appeals.

During the plea colloquy, Supreme Court specifically asked defendant whether the pistol he displayed during the commission of the crime was loaded and defendant responded that it was not. Insofar as defendant's statement raised an affirmative defense to robbery in the first degree, namely, that the weapon used was not loaded (*see* Penal Law § 160.15 [4]), Supreme Court erred by accepting defendant's guilty plea without mak-

ing further inquiry to determine whether defendant's waiver of the available defense was voluntary and intelligent (*see People v Pariante*, 283 AD2d 345, 345-346 [2001]; *People v Maldonado*, 254 AD2d 574, 574 [1998]; *People v Osgood*, 254 AD2d 571, 572 [1998]; *People v Sobczak*, 105 AD2d 1053, 1053 [1984]). Although defendant waived his right to appeal as part of his plea agreement, even if he had not moved to withdraw his plea, the plea itself was flawed and raised questions with respect to whether defendant's waiver of a possible affirmative defense was voluntary. Thus, his right to challenge the plea survives notwithstanding the waiver (*see People v Maldonado, supra* at 574; *People v Osgood, supra* at 572-573; *People v Espinoza*, 253 AD2d 983, 983-984 [1998]).

We reject defendant's argument that physical evidence should have been suppressed. CPL article 240 discovery provisions are not the exclusive avenue for obtaining evidence during postaccusatory phases of a criminal action; search warrants may still be obtained throughout the proceeding (*see* CPL art 690; *People v Cabrera*, 152 Misc 2d 26, 28 [1991]). Misleading statements in the warrant application, if any, were irrelevant here.

In light of this conclusion, we do not address defendant's remaining contentions.

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.