■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK C. STERLING, Appellant. [869 NYS2d 288]—

Peters, J.

While incarcerated at the Tioga County Jail for the commission of an unrelated offense, defendant was asked to provide a DNA sample in connection with the investigation of two incidents involving the burglary and rape of female victims. Upon his refusal, a jail correction officer was instructed to retain the remnants from defendant's lunch meal tray for the purpose of DNA analysis. Based on, among other things, the results of a DNA comparison of a milk carton acquired by the correction officer and the vaginal swabs contained in the victims' rape kits, defendant was charged with crimes arising out of the incidents.

Defendant moved to suppress the DNA evidence obtained from his milk carton as the product of an unlawful search. Following a *Mapp* hearing, County Court found it admissible. Defendant eventually pleaded guilty to the crimes of rape in the first degree (two counts), burglary in the second degree (two counts) and sodomy in the first degree and was sentenced to an aggregate prison term of 18 years and five years of postrelease supervision. This appeal ensued.

We discern no error in County Court's denial of defendant's motion to suppress the DNA evidence obtained from the milk carton. In seeking suppression, defendant must establish stand-

ing by demonstrating a legitimate expectation of privacy in the object searched (*see People v Ramirez-Portoreal*, 88 NY2d 99, 108 [1996]; *People v Wesley*, 73 NY2d 351, 358-359 [1989]). "This burden is satisfied if the [defendant] subjectively manifested an expectation of privacy with respect to the . . . item searched that society recognizes to be objectively reasonable under the circumstances" (*People v Burton*, 6 NY3d 584, 588 [2006] [citation omitted]; *see People v O'Brien*, 2 AD3d 1222, 1224 [2003], *lv denied* 2 NY3d 743 [2004]).

The evidence at the hearing established that the milk carton was a disposable item provided to defendant that defendant knew would be collected by jail personnel upon completion of his meal. To the extent that defendant argues that he was ordered to turn over his lunch tray before he had completed his meal, County Court credited the contrary testimony of the correction officer over that of defendant, a determination that we accord great deference and will not disturb, where, as here, it is supported by the record (*see People v Russell*, 41 AD3d 1094, 1096 [2007], *lv denied* 10 NY3d 964 [2008]; *People v Bermudez*, 31 AD3d 968, 968 [2006], *lv denied* 8 NY3d 944 [2007]). Thus, defendant did not subjectively exhibit an expectation of privacy in the milk carton by "seek[ing] to preserve [it] as private" (*People v Ramirez-Portoreal*, 88 NY2d at 108). Furthermore, considering, among other things, the diminished expectation of privacy in the jail and prison context (*see Bell v Wolfish*, 441 US 520, 557 [1979]; *People v Frye*, 144 AD2d 714, 714 [1988], *lv denied* 73 NY2d 891 [1989]; *see also People v Mendoza*, 50 AD3d 478, 479 [2008]), it simply cannot be said that society would recognize as reasonable an expectation of privacy in a disposable milk carton provided to an incarcerated individual.

Nor did defendant retain an expectation of privacy in the DNA gleaned from the milk carton. As "[t]he overriding function of the Fourth Amendment is to protect *personal privacy* and dignity against unwarranted intrusion by the State" (*Schmerber v California*, 384 US 757, 767 [1966] [emphasis added]), it can hardly be disputed that defendant enjoyed the right to be free from unreasonable intrusions into his body for the purpose of obtaining his bodily fluids or, in this case, DNA (*see Vernonia School Dist. 47J v Acton*, 515 US 646, 652 [1995]; *Schmerber v California*, 384 US at 767-768). However, it is equally clear that once defendant drank from the milk carton, which was thereafter lawfully obtained by police, he no longer retained any expectation of privacy in the discarded genetic material (*see State v Athan*, 160 Wash 2d 354, 374, 158 P3d 27, 37 [2007]; *see also Piro v State*, 190 P3d 905, 910 [Idaho 2008]; *see*

generally *United States v Mara*, 410 US 19, 21 [1973]; *Abel v United States*, 362 US 217, 240-241 [1960]). Indeed, "once constitutional concerns have been satisfied, a [genetic] sample is not unlike other tangible property which can be subject to a battery of scientific tests" (*People v King*, 232 AD2d 111, 118 [1997], *lv denied* 91 NY2d 875 [1997]).*

Nor was defendant's plea rendered involuntary by his statement during the colloquy that he was intoxicated at the time he allegedly committed the second burglary and rape or his inability to recall all of the specific facts regarding those crimes. "As long as the court takes 'precautions to assure that the defendant is aware of what he is doing,' it may accept a guilty plea even though defendant's recitation of the underlying facts fails to establish all the elements of the crimes to which the defendant has pleaded guilty" (*People v Munck*, 278 AD2d 662, 663 [2000], quoting *People v Serrano*, 15 NY2d 304, 310 [1965]). Further, where a defendant's plea allocution "raises the possibility of a defense such as intoxication, the trial court is obligated to inquire whether the defendant is aware of the defense and whether his or her waiver of it is intelligent and voluntary" (*People v Munck*, 278 AD2d at 663; *see People v Osgood*, 254 AD2d 571, 572 [1998]). Here, when defendant stated that he could not recall certain aspects of the crimes because he was intoxicated, County Court immediately advised defendant that the crimes to which he was pleading required criminal intent, discussed with him the possibility of the intoxication defense and how that defense operated, and explained that by pleading guilty, he would waive his right to assert this defense at trial. Defendant then confirmed his understanding of the intoxication defense and that he was forgoing his right to pursue this defense at trial. Thus, having assured that defendant's waiver of the potential intoxication defense was knowing and voluntary, County Court properly accepted defendant's plea of guilty (*see People v Munck*, 278 AD2d at 663; *People v Moore*, 270 AD2d 715, 716 [2000], *lv denied* 95 NY2d 800 [2000]; *compare People v Osgood*, 254 AD2d at 572-573; *People v Braman*, 136 AD2d 382, 384-385 [1988], *lv denied* 72 NY2d 911 [1988]).

Next addressing defendant's ineffective assistance of counsel claim, to the extent that this claim impacts the voluntariness of his plea, defendant's failure to move to withdraw his plea or to vacate the judgment of conviction renders the issue unpreserved

---

* Defendant provides no support, and we have found none, for his contention that an individual perpetually retains a right to privacy in the genetic material, fingerprints or other evidence of identity which he or she constantly leaves in public places and on objects.

for our review (*see People v Clark*, 52 AD3d 951, 952 [2008]; *People v McKeney*, 45 AD3d 974, 975 [2007]). Further, insofar as defendant's arguments relate to counsel's deficiencies in the preparation and investigation of his case or otherwise involve matters outside the record, such claims are more properly the subject of a CPL article 440 motion (*see People v Feliz*, 51 AD3d 1278, 1279 [2008]; *People v Douglas*, 38 AD3d 1063, 1064 [2007], *lv denied* 9 NY3d 843 [2007]). Notwithstanding his remaining claimed deficiencies on the part of counsel, the record as a whole establishes that defendant received meaningful representation, particularly in view of the advantageous plea agreement which reduced his sentencing exposure (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Decker*, 32 AD3d 1079, 1080 [2006]).

Finally, defendant's sentence was not harsh and excessive. Considering, among other things, his prior criminal history and the fact that he could have received consecutive sentences for each of the crimes pleaded to, we find no abuse of discretion or extraordinary circumstances warranting reduction of the sentence (*see People v Hammond*, 45 AD3d 1060, 1061 [2007]; *People v Kelly*, 37 AD3d 866, 868 [2007], *lv denied* 8 NY3d 986 [2007]).

Defendant's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.