(May 21, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK T. CARTER, Appellant. [881 NYS2d 181]—

Stein, J. Appeals (1) from a judgment of the County Court of Albany County (Herrick, J.), rendered May 15, 2006, convicting defendant upon his plea of guilty of the crime of assault in the second degree, and (2) by permission, from an amended order of said court, entered December 12, 2007, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment and set aside the sentence, without a hearing.

In satisfaction of a three-count indictment, defendant pleaded guilty to one count of assault in the second degree and waived his right to appeal. During the plea allocution, County Court inquired if defendant had discussed a possible intoxication defense with counsel and defendant indicated that he had. County Court accepted defendant's guilty plea. Upon defendant's subsequent admission, County Court ultimately found that he had violated the terms of the plea agreement and imposed an enhanced 5½-year prison term with postrelease supervision. Defendant thereafter unsuccessfully moved to vacate the judgment of conviction and to set aside his sentence. Defendant appeals from both the judgment of conviction and the amended order denying his CPL article 440 motion.

We affirm. Defendant argues that his plea was not knowingly, intelligently and voluntarily entered, claiming that County Court did not adequately explore his potential intoxication defense. Despite defendant's guilty plea and appeal waiver, such a claim remains reviewable (*see People v Maldonado*, 254 AD2d 574 [1998]; *People v Osgood*, 254 AD2d 571, 572-573 [1998]). Nonetheless, County Court satisfied its duty of further inquiry by advising defendant that a potential intoxication defense

existed and assuring that defendant had discussed the issue with counsel and that he was satisfied with counsel's representation (*see People v Sterling*, 57 AD3d 1110, 1112 [2008]; *People v Munck*, 278 AD2d 662, 663 [2000]; *People v Moore*, 270 AD2d 715, 716 [2000], *lv denied* 95 NY2d 800 [2000]; *People v Williamson*, 165 AD2d 686 [1990]). Accordingly, we are satisfied that defendant's guilty plea was knowing, intelligent and voluntary (*see People v Moore*, 270 AD2d at 716).

We have examined defendant's remaining contentions and find them to be without merit.

Rose, J.P., Kavanagh and McCarthy, JJ., concur.

Kane, J. (dissenting). Because County Court failed to conduct any further inquiry when defendant indicated a potential intoxication defense, his waiver of that defense was not knowing and his plea was therefore not knowing and voluntary. During the plea colloquy, in response to the court's question whether defendant had discussed any possible defenses with his attorney, including intoxication, defendant replied in the affirmative but also stated, "I was drinking." Defendant's statement raised the possibility of an intoxication defense, obligating the court to inquire whether defendant was aware of the defense and be sure that he was knowingly and intelligently waiving it (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Sterling*, 57 AD3d 1110, 1112 [2008]). As the court did not conduct any further inquiry after defendant alluded to this potential defense— which could negate the intent element of the crime—I cannot conclude that his waiver of this defense and, thus, his plea were knowing, intelligent and voluntary (*see People v Osgood*, 254 AD2d 571, 572 [1998]; *People v Braman*, 136 AD2d 382, 384-385 [1988], *lv denied* 72 NY2d 911 [1988]). Therefore, his judgment of conviction should be reversed and his plea vacated.

Ordered that the judgment and amended order are affirmed.