■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN J. MCNULTY, Appellant. [894 NYS2d 573]—

Malone Jr., J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered July 3, 2008, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

Defendant pleaded guilty to a reduced charge of criminal sale of a controlled substance in the fifth degree and waived his right to appeal. In accordance with the negotiated plea agreement, County Court sentenced defendant to 1½ years in prison, imposed a $1,000 fine and ordered restitution in the amount of $10.

Defendant asserts that his plea was not knowing and voluntary because County Court failed to adequately explore his potential intoxication defense. While such a claim remains reviewable despite defendant's guilty plea and appeal waiver, the record reveals that County Court satisfied its duty to inquire further (*see People v Carter*, 62 AD3d 1154, 1154-1155 [2009], *lv denied* 13 NY3d 795 [2009]; *People v Sterling*, 57 AD3d 1110, 1112 [2008], *lv denied* 12 NY3d 788 [2009]). Indeed, after defendant stated that his behavior was unintentional because he was intoxicated when he sold the controlled substance, County Court immediately informed defendant that the crime to which he was pleading guilty required criminal intent, advised him of the possible intoxication defense and asked him whether he was voluntarily waiving such a defense. Defendant acknowledged that he was and stated that he had discussed the matter with his attorney. Accordingly, County Court properly accepted defendant's guilty plea only after ensuring that defendant's waiver of the potential intoxication defense was knowing and voluntary (*see People v Munck*, 278 AD2d 662, 662-663 [2000]).

We also note that, "since defendant pleaded guilty to a lesser crime than the one charged in the indictment, a factual basis for the plea was unnecessary" (*People v Moore*, 71 NY2d 1002, 1006 [1988]). Thus, we reject defendant's contention that his plea allocution was insufficient (*see People v Lozovsky*, 267 AD2d 774, 776 [1999], *lv denied* 95 NY2d 836 [2000]). Finally, as the record reveals that the fine and restitution were part of defendant's plea agreement, County Court did not impose an enhanced sentence and there is no basis to afford defendant the opportunity to withdraw his plea (*compare People v McCarthy*, 56 AD3d 904, 905 [2008]).

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed. **[Original decision recalled and vacated by unpublished motion (2010 NY Slip Op 69596[U]) and a new decision substituted at the direction of the Appellate Division, Third Department.]**