■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY A. MAXSON, Appellant. [956 NYS2d 301]—

Spain, J.

"Whether to allow withdrawal of a guilty plea is left to the sound discretion of County Court, and will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (*People v Mitchell*, 73 AD3d 1346, 1347 [2010], *lv denied* 15 NY3d 922 [2010] [internal quotation marks and citation omitted]; *accord People v Flynn*, 92 AD3d 1148, 1150 [2012], *lv denied* 19 NY3d 996 [2012]). Where, as here, County Court fulfilled its promise under the plea agreement in adjourning defendant's sentencing and releasing him to give him an opportunity to visit his father, the fact that the visit was thwarted by the Division of Parole's independent decision to have him remain incarcerated is not a compelling reason to allow him to withdraw his plea (*see People v Leggett*, 163 AD2d 862, 863 [1990]; *People v Welch*, 129 AD2d 752, 752 [1987]).

Turning to his claims regarding an intoxication defense, there was nothing in defendant's factual recitation during the plea allocution that obligated County Court to conduct a further in-

quiry into a potential intoxication defense prior to accepting defendant's guilty plea (see *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Wagoner*, 30 AD3d 629, 629 [2006]). However, in defendant's sworn statement supporting his motion to withdraw his plea, he stated that he had advised his attorney that he had been drinking heavily the day of the fire and that he failed a breathalyzer test at State Police headquarters the next day resulting in him being charged with violating his parole, but that he was never informed that intoxication was a potential defense to an arson charge. At sentencing, defendant repeated that he "was really drunk that night and it was an accident," and the People readily acknowledged the fact that defendant has an ongoing problem with alcohol abuse and that when defendant committed the arson he apparently was "under the influence of alcohol." The court, in its remarks, also acknowledged the likelihood that defendant's chronic abuse of alcohol had again gotten him into trouble. Inasmuch as the crime of arson in the second degree requires that defendant intentionally damage a building by starting a fire (see Penal Law § 150.15), this evidence raises the possibility of an intoxication defense (see *People v Osgood*, 254 AD2d 571, 572 [1998]).

We are unable to discern from this record whether defendant knowingly waived this defense at the time of his plea. In our view, defendant's sworn statement that he was intoxicated at the time of the fire and that he was never advised of the impact of intoxication on the intent required for the crime of arson, together with the basis for the parole violation, and the comments of the prosecutor and the court at sentencing, necessitate that this matter be remitted to County Court for a full evidentiary hearing to explore, at a minimum, the sworn testimony of "defendant and his initial assigned counsel prior to making a determination on the subject motion[ ]" (*People v Hawkins*, 271 AD2d 756, 758 [2000]; see *People v Nixon*, 21 NY2d 338, 355 [1967], *cert denied* 393 US 1067 [1969]; *People v Thomson*, 279 AD2d 644, 645 [2001]; *People v Osgood*, 254 AD2d at 572-573; compare *People v Wagoner*, 30 AD3d at 630; *People v Lahon*, 17 AD3d 778, 779 [2005], *lv denied* 5 NY3d 790 [2005]).

Peters, P.J., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Chenango County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.