— Appeal from a judg *1222 ment of the County Court of Broome County (Smith, J.), rendered April 22, 2009, which resentenced defendant following his conviction of the crime of attempted burglary in the first degree.
In 1999, defendant pleaded guilty to all charges in a pending indictment, consisting of attempted burglary in the first degree, attempted assault in the second degree and criminal possession of a weapon in the third degree. He was sentenced as a second felony offender to, among other things, 12 years in prison on the attempted burglary conviction. His conviction was subsequently affirmed on appeal (278 AD2d 662 [2000]). Defendant thereafter sought to set aside his sentence pursuant to CPL 440.20 on the ground that he had not been advised that his sentence included a mandatory period of postrelease supervision. This application was denied, and the denial was upheld upon appeal (4 AD3d 627 [2004], lv denied 2 NY3d 803 [2004]). In 2009, defendant was resentenced on the attempted burglary conviction to the original prison term of 12 years, to be followed by five years of postrelease supervision (see Correction Law § 601-d). Defendant appeals from the judgment resentencing him.
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record, counsel’s brief and defendant’s pro se submissions, we agree. Therefore, the judgment is affirmed and counsel’s request for leave to withdraw is granted (see People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]; see generally People v Stokes, 95 NY2d 633 [2001]).
Peters, RJ., Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.