*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015                    107521
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                           MEMORANDUM AND ORDER

DANIEL DeCENZO,
                        Appellant.
_____


Calendar Date:   September 14, 2015

Before:  Egan Jr., J.P., Rose, Devine and Clark, JJ.

_____


        Danielle Neroni Reilly, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

_____


Egan Jr., J.P.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered September 9, 2014 in Albany County, convicting defendant
upon his plea of guilty of the crime of robbery in the second
degree.

        Pursuant to a negotiated agreement, defendant waived his
right to appeal and pleaded guilty to a single-count indictment
charging him with robbery in the second degree.  The charge
stemmed from an incident wherein defendant forcibly stole a purse
from an 89-year-old woman, causing her to fall to the ground and
sustain various injuries.  Defendant thereafter was sentenced —
consistent with the terms of the plea agreement — to seven years
in prison followed by three years of postrelease supervision.
Defendant now appeals.

We affirm.  Although defendant's challenge to the voluntariness of his plea survives his uncontested waiver of the right to appeal, this claim is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Hudson, 130 AD3d 1320, 1320 [2015]; People v Guyette, 121 AD3d 1430, 1431 [2014]).  Moreover, the narrow exception to the preservation requirement was not triggered here, as defendant did not make any statements during his plea allocution that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Hare, 110 AD3d 1117, 1117 [2013]; see also People v Carr, 127 AD3d 1503, 1504 [2015]).  Although defendant indeed indicated that he had taken Xanax prior to committing the underlying crime, defendant did not contend that he was unable to recall the subject events (compare People v Jimenez, 110 AD3d 740, 741 [2013]; People v Osgood, 254 AD2d 571, 572 [1998]).  More to the point, County Court specifically asked defendant if he was aware of "the concept of intoxication," which the court then accurately explained could be considered by a jury with regard to the required element of intent (see generally People v Beaty, 22 NY3d 918, 921 [2013]), and further inquired as to whether defendant had discussed this with his attorney.  In response, defendant acknowledged that he had discussed a potential intoxication "defense" with counsel and indicated that he had no further questions for either County Court or defense counsel in this regard.  Under these circumstances, we are satisfied that County Court adequately explored the intoxication issue with defendant, and that defendant, in turn, validly waived his right to pursue this potential "defense" at trial (see People v McNulty, 70 AD3d 1127, 1128 [2010]).  Defendant's remaining claim — that the sentence imposed is harsh and excessive — is foreclosed by his waiver of the right to appeal (see People v Bryant, 128 AD3d 1223, 1225 [2015], lv denied 26 NY3d 926 [2015]).

Rose, Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court