Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  November 17, 2016                107704
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

MELISSA McKNIGHT,
                        Appellant.
_____

Calendar Date:  October 20, 2016

Before:  McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.

_____

        Robert N. Gregor, Lake George, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.

_____

Mulvey, J.

        Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered January 22, 2014, convicting defendant upon her plea of guilty of the crime of robbery in the first degree.

        In satisfaction of a five-count indictment, defendant pleaded guilty to robbery in the first degree, admitting that she forcibly stole property from a store clerk at knife point.  The plea agreement included an oral waiver of appeal and defendant executed a written waiver of appeal in court during the plea allocution.  Consistent with the agreement, defendant was sentenced to five years in prison with 2½ years of postrelease supervision, and she now appeals.

We affirm.  Defendant's contention that her guilty plea was involuntary, which survives her appeal waiver,[1] is unpreserved for our review inasmuch as the record does not reflect that she made an appropriate postallocution motion, despite an opportunity to do so (see CPL 220.60 [3]; People v O'Keefe, 133 AD3d 1034, 1035 [2015], lv denied 26 NY3d 1148 [2016]; see also People v Williams, 27 NY3d 212, 214, 219-222 [2016]).  Moreover, defendant did not make any statements during the plea allocution that negated any element of the crime, otherwise cast doubt upon her guilt or called into question the voluntariness of her plea so as to trigger the narrow exception to the preservation rule (see People v Williams, 27 NY3d at 220; People v Lopez, 71 NY2d 662, 666 [1988]; People v Forest, 141 AD3d 967, 969 [2016]).  Rather, the record reflects that, during the plea allocution, defendant indicated that she understood the plea terms and had discussed them with counsel, she then pleaded guilty without hesitation conceding that she was in fact guilty and, under oath, admitted committing the robbery.  She gave no indication that she was impaired at the time of the robbery so as to require an inquiry regarding an intoxication defense (see People v Beblowski, 127 AD3d 1505, 1505 [2015], lv denied 26 NY3d 926 [2015]; compare People v Osgood, 254 AD2d 571, 572 [1998]).  Contrary to defendant's argument, her statement at sentencing regarding her history of drug use did not suggest that she had been using drugs at the time of the robbery so as to require a further inquiry (see People v Beaty, 22 NY3d 918, 921 [2013]; compare People v DeCenzo, 132 AD3d 1160, 1161 [2015], lv denied 27 NY3d 996 [2016]; People v Maxson, 101 AD3d 1384, 1386 [2012]; People v Thomson, 279 AD2d 644, 644-645 [2001]).  Thus, County Court "had no duty to conduct an inquiry concerning the potential defense of intoxication based upon comments made by defendant during . . . the sentencing proceeding" (People v Phillips, 30 AD3d 911, 911 [2006], lv denied 7 NY3d 869 [2006]).

_____

[1]  While defendant challenges the waiver of appeal, all issues argued in her brief survive that waiver and, in any event, we are satisfied that the combined oral and written appeal waiver was knowing, voluntary and intelligent (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Belile, 137 AD3d 1460, 1461 [2016]).

McCarthy, J.P., Lynch, Devine and Aarons, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court