*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 1, 2016          103610
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
               Respondent,

     v                         MEMORANDUM AND ORDER

LEE W. DOANE,
               Appellant.
_____

Calendar Date:  October 20, 2016

Before:  McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.

_____

     Patrick A. Perfetti, Cortland, for appellant, and appellant pro se.

     Weeden A. Wetmore, District Attorney, Elmira (Terry Northrup of counsel), for respondent.

_____

Aarons, J.

     Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered November 2, 2009, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

     Pursuant to a negotiated plea agreement, defendant pleaded guilty to a single count of murder in the second degree. Consistent with the terms of that plea agreement, County Court sentenced defendant to 23 years to life in prison.  Defendant appeals.  We affirm.

     Defendant contends that his guilty plea was not knowing and voluntary because County Court did not make an adequate inquiry

into a possible intoxication defense. As an initial matter, in light of defendant's statements made during the plea colloquy concerning his alcohol consumption at the time of the crime, defendant's failure to make an appropriate postallocution motion is not fatal to his claim, which remains reviewable (see People v McNulty, 70 AD3d 1127, 1128 [2010]; People v Carter, 62 AD3d 1154, 1154 [2009], lv denied 13 NY3d 795 [2009]; People v Maldonado, 254 AD2d 574, 574 [1998]). The specific intent to cause the death of another person is an element of the crime of murder in the second degree (see Penal Law § 125.25 [1]), and such element may be negated by the potential defense of intoxication (see People v Thomson, 279 AD2d 644, 644-645 [2001]). As such, defendant's awareness of the right to present such evidence is generally essential to a knowing and voluntary guilty plea (see People v Decenzo, 132 AD3d 1160, 1161 [2015], lv denied 27 NY3d 996 [2016]; People v Thomson, 279 AD2d at 645).

During the allocution, after defendant indicated that he had consumed alcohol immediately prior to committing the crime, County Court was obligated to inquire at that time whether defendant was aware of a potential intoxication defense and ensure that defendant was knowingly and voluntarily waiving that defense (see People v Thomson, 279 AD2d at 645; People v Osgood, 254 AD2 571, 572 [1998]; People v Braman, 136 AD2d 382, 384 [1988], lv denied 72 NY2d 911 [1988]). Under the circumstances of this case, however, we conclude that defendant's plea was nonetheless made knowingly and voluntarily because of defendant's admissions during the allocution that obviated the need for any further inquiry by County Court. In this regard, defendant's recollection of the incident in question was not equivocal. Rather, defendant provided detailed and vivid facts of the crime, and his statements did not reveal that his mental capacity was somehow diminished when he stabbed the victim (see People v Hampton, 142 AD3d 1305, 1306 [2016]; People v Morgan, 84 AD3d 1594, 1594 [2011], lv denied 17 NY3d 819 [2011]; People v Beach, 306 AD2d 753, 754 [2003]). Additionally, we are satisfied that County Court adequately discussed with defendant the affirmative defense of extreme emotional disturbance and ensured that defendant had discussed that defense with his attorney and knowingly waived the right to pursue it (see People v Hampton, 142 AD3d at 1306).

Turning to defendant's ineffective assistance of counsel claim, he contends that his counsel failed to object to County Court's improper acquisition and reference at sentencing to presentence reports that were prepared for sentencing in defendant's prior unrelated criminal actions (see CPL 390.50 [1]). Even if we agreed with defendant that disclosure in this collateral matter of the prior presentence reports was improper absent "authorization of the court[s]" that previously sentenced him (CPL 390.50 [1]; see People v Fishel, 128 AD3d 15, 17-18 [2015]; Matter of Blanche v People, 193 AD2d 991, 991-992 [1998]), he has neither demonstrated how he was prejudiced or aggrieved by the information contained in those reports (see CPL 390.30 [1], [2]), nor shown how such information affected his sentence where County Court sentenced him in accord with the negotiated plea agreement and the agreed-upon sentence of 23 years to life in prison (see People v Schreiner, 140 AD3d 1399, 1400 [2016]). Inasmuch as the balance of defendant's claims concern what counsel advised him or other matters that are outside of the record on appeal, those claims are more appropriately addressed in a motion pursuant to CPL article 440 where a record could be made (see People v Clark, 135 AD3d 1239, 1240 [2016], lv denied 27 NY3d 995 [2016]; People v Pickett, 128 AD3d 1275, 1276 [2015], lvs denied 26 NY3d 930, 933 [2015]). We have considered defendant's remaining contentions and find them to be without merit.

McCarthy, J.P., Lynch, Devine and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court