■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN SULLIVAN, Appellant. [62 NYS3d 552]—

Peters, P.J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered August 19, 2011 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.

Defendant was charged in a 13-count indictment with several residential burglaries, rape in the first degree and other sex crimes committed during one of the burglaries, as well as other crimes. In satisfaction of all charges, defendant pleaded guilty to criminal sexual act in the first degree as charged in count 6 and waived his right to appeal. Prior to sentencing, de-

---

fendant sent a pro se letter to Supreme Court, which the court treated as a motion to withdraw his guilty plea, adjourned the matter and assigned substitute counsel. Following a hearing, the court denied the motion and thereafter sentenced defendant, consistent with the plea agreement, to 18 years in prison to be followed by 20 years of postrelease supervision. Defendant now appeals.

We affirm. Contrary to defendant's claim, the record establishes that his combined oral and written waiver of appeal was knowing, voluntary and intelligent (*see People v Sanders*, 25 NY3d 337, 339-341 [2015]; *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Pixley*, 150 AD3d 1555, 1557 [2017]). To that end, during the plea allocution, a waiver of appeal was recited as a condition of the plea agreement; defendant agreed to it, and Supreme Court explained the nature of an appeal, that defendant ordinarily retained the right to appeal and that a waiver of appeal as to his conviction and sentence was a condition of the plea agreement. The court also made clear that the waiver was separate and apart from the trial-related rights automatically forfeited by the guilty plea (*see People v Lopez*, 6 NY3d at 256). Defendant further signed a written waiver acknowledging his understanding of and agreement to the waiver of appeal.* Given the valid appeal waiver, defendant's various challenges to the factual sufficiency of the plea allocution and to the sentence as harsh and excessive are precluded (*see People v Lopez*, 6 NY3d at 256; *People v Pixley*, 150 AD3d at 1557).

Further, we are not persuaded that Supreme Court abused its discretion in denying defendant's motion to withdraw his guilty plea. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of [the trial c]ourt, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (*People v Beaver*, 150 AD3d 1325, 1325 [2017] [internal quotation marks and citation omitted]). Here, defendant's motion to withdraw his plea as involuntary was primarily based upon the claims that he was not adequately advised of the constitutional trial-related rights that he was waiving and that the inquiry regarding his waiver of possible defenses was inadequate. With regard to the advisement of constitutional rights, the record establishes that defendant knowingly and voluntarily waived those rights in that the court specifically enumer-

---

* The written waiver was recited as a condition of the plea, and Supreme Court made reference to and explained the meaning of the written waiver during the plea colloquy.

ated the right to a jury trial and the privilege against self-incrimination and elicited that "defendant [had] consulted with his attorney about the constitutional consequences of a guilty plea" (*People v Tyrell*, 22 NY3d 359, 365 [2013]; *see People v Conceicao*, 26 NY3d 375, 382-384 [2015]). Contrary to defendant's contentions, his plea is not invalid "solely because the [t]rial [j]udge failed to specifically enumerate all the rights to which [he] was entitled and to elicit from him . . . a list of detailed waivers before accepting the guilty plea" (*People v Tyrell*, 22 NY3d at 365 [internal quotation marks and citation omitted]).

The record also reflects that, during the plea allocution, Supreme Court elicited from defendant that he had discussed possible defenses with counsel and understood that he was waiving any defenses by pleading guilty. Defendant admitted his guilt under oath without hesitation and, as counsel conceded in arguing in support of the motion, defendant made no statements during the plea allocution that called into doubt his ability to form an intent or suggesting that he was intoxicated at the time of the crime to which he entered a guilty plea so as to require further inquiry regarding that defense (*see People v McKnight*, 144 AD3d 1334, 1335 [2016], *lv denied* 28 NY3d 1148 [2017]; *cf. People v Doane*, 145 AD3d 1088, 1089 [2016], *lv denied* 29 NY3d 997 [2017]). Further, as the People and the court recalled at the hearing without contradiction, the potential for an intoxication defense had been discussed by the parties during plea negotiations and had contributed to the People's willingness to, among other things, offer a lower agreed-upon sentence from that made in the initial plea offer. Under these circumstances, we are satisfied that defendant was aware of a potential intoxication defense, discussed this and other potential defenses with counsel prior to pleading guilty and, during the plea allocution, validly waived his right to pursue potential defenses (*see People v DeCenzo*, 132 AD3d 1160, 1161 [2015], *lv denied* 27 NY3d 996 [2016]).

Although defendant's related ineffective assistance of counsel claim survives his appeal waiver to the extent that it implicates the voluntariness of his plea (*see People v Taylor*, 144 AD3d 1317, 1318 [2016], *lv denied* 28 NY3d 1151 [2017]), Supreme Court properly rejected his motion to withdraw his plea on this ground. While substitute counsel argued that defendant's original counsel had failed to explore a potential intoxication defense, this was contradicted by the court's (and the prosecutor's) recollection that this defense was, in fact, raised by defense counsel, discussed and played a role in the plea negoti-

ations. Thus, in the context of this guilty plea, where counsel negotiated a very "advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Driscoll*, 147 AD3d 1157, 1158 [2017] [internal quotation marks and citation omitted], *lv denied* 29 NY3d 1078 [2017]), we find that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *see also People v Honghirun*, 29 NY3d 284, 289 [2017]). In light of the foregoing, the court properly denied the motion (*see People v Beaver*, 150 AD3d at 1325). Defendant's remaining contentions have been reviewed and determined to lack merit.

Garry, Rose, Aarons and Rumsey, JJ., concur. Ordered that the judgment is affirmed.

