People v Diaz-Hernandez (2018 NY Slip Op 08202)





People v Diaz-hernandez


2018 NY Slip Op 08202


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

108581

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CARLOS JOSE DIAZ-HERNANDEZ, Appellant.

Calendar Date: October 17, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Brian M. Callahan, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Schenectady County (Murphy III, J.), rendered September 9, 2015, convicting defendant upon his plea of guilty of the crime of attempted arson in the second degree.
Defendant pleaded guilty to attempted arson in the second degree in full satisfaction of a five-count indictment and with a recommendation by the People as to the sentence. Defendant also waived the right to appeal orally and in writing. County Court thereafter sentenced defendant to seven years in prison, to be followed by five years of postrelease supervision. Defendant now appeals.
Defendant's sole contention on appeal is that his guilty plea was not knowing, intelligent and voluntary because County Court did not make an inquiry into a possible intoxication defense even though it was aware, prior to the plea allocution, that defendant claimed that he was intoxicated at the time of the crime's commission. We note that the record does not disclose a postallocution motion by defendant to withdraw his guilty plea, which would preserve the issue for our review. Nevertheless, we find that, under the circumstances presented, this was one of those rare cases where "the court's attention should have been instantly drawn to the problem, and the salutary purpose of the preservation rule [was] arguably not jeopardized" (People v Lopez, 71 NY2d 662, 666 [1988]; but see People v Negron, 222 AD2d 327, 327 [1995], lv denied 88 NY2d 882 [1996]). As to the merits, defendant's claim is unavailing. During the allocution, defendant admitted that he attempted to set an apartment door on fire knowing that a person was inside the apartment. Defendant also did not indicate that he was unable to recall the details of the incident due to being under the influence of alcohol. In view of the foregoing, we discern no basis to disturb the plea (see People v Doane, 145 AD3d 1088, 1089 [2016], lv denied 29 NY3d 997 [2017]).
Garry, P.J., McCarthy, Lynch and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.