(February 4, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ORTEGA, Appellant. [896 NYS2d 308]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered April 24, 2006, convicting defendant, upon his plea of guilty, of rape in the first degree, criminal contempt in the first degree, and two counts of criminal sexual act in the first degree, and sentencing him to an aggregate term of 12 years, and order, same court and Justice, entered on or about April 28, 2008, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The record, including the submissions on defendant's CPL 440.10 motion, establishes that defendant's plea was knowing, intelligent and voluntary, and that it was not the product of ineffective assistance of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]). Counsel secured a favorable plea during a jury trial, at the end of the victim's direct examination.

With regard to the CPL 440.10 motion, while there may have been factual disputes about conversations trial counsel Gary Sunden, Esq., had with defendant and other persons, these disputes were immaterial. In his affidavit, defendant asserted that Sunden told him that intoxication was "not an applicable defense" to the charges against him, that "the defense of

intoxication was not avail[able] to [him]," and that he "could not avail [himself] of the defense." These statements by counsel are not the same as a statement that intoxication is never a defense or that it is not a defense as a matter of law. Moreover, none of the individuals who submitted affidavits in support of defendant's motion asserted that Sunden had erroneously stated that intoxication was not a defense as a matter of law. Rather, two of the individuals, one of whom is an attorney, stated only that Sunden had said that the defense of intoxication "was not available in this case." Similarly, the third individual, defendant's uncle, asserted that he asked Sunden if defendant's claim that he had been "high" on drugs and alcohol could be part of the defense, and Sunden responded that "that was no defense and that [defendant] was responsible for his actions." For his part, Sunden did not deny discussing intoxication with defendant. Rather, he asserted, inter alia, that defendant never said that he was so intoxicated that he did not know what was going on, and explained at length the factual basis for his judgment that a defense of intoxication was not viable. Thus, defendant's assertions in support of his CPL 440.10 motion did not raise a material issue of fact as to the effectiveness of counsel, and the motion was properly denied without a hearing (*see* CPL 440.30 [4] [a]).

Defendant's claim that a different attorney, who represented him at the early stages of the case, also rendered ineffective assistance with regard to a possible intoxication defense is unreviewable because it was not included in defendant's CPL 440.10 motion and it involves matters outside the record (*see People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we reject the claim.

Defendant's remaining challenges to the voluntariness of his plea are unpreserved (*see People v Lopez*, 71 NY2d 662, 666 [1988]), and we decline to review them in the interest of justice. As an alternative holding, we reject each of them on the merits. The court's explanation of the rights defendant was waiving by pleading guilty was sufficient (*see People v Harris*, 61 NY2d 9 [1983]), particularly in light of the circumstance that defendant pleaded guilty in the midst of trial testimony and was well aware that he was giving up his right to litigate further his guilt or innocence. The court was not obligated to inquire about a possible intoxication defense, because defendant said nothing about intoxication in his plea allocution itself, regardless of what he may have said on other occasions (*see e.g. People v Fiallo*, 6 AD3d 176, 177 [2004], *lv denied* 3 NY3d 640 [2004]). Finally, since the court explicitly told defendant it intended to impose a

five-year period of postrelease supervision (PRS), which the court imposed at sentencing, the requirements of *People v Catu* (4 NY3d 242 [2005]) were satisfied, and the court had no reason to inform defendant that it *could* have imposed a PRS term as low as 2$^1$/$_2$ years, but did not see fit to do so.

When taken together, defendant's written and oral waivers establish that he made a valid waiver of his right to appeal (*see People v Ramos*, 7 NY3d 737 [2006]). That waiver forecloses review of defendant's remaining claims. As an alternative holding, we perceive no basis for reducing the sentence, and we find defendant's pro se claims without merit. Concur—Gonzalez, P.J., Friedman, McGuire, DeGrasse and Manzanet-Daniels, JJ.