OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by vacating the conviction on the count of burglary in the second degree, dismissing that count in the indictment, and remitting to Supreme Court for resentencing, and as so modified, affirmed.
On the evening of June 28, 2010, defendant entered the basement of the Greenleaf Deli in Manhattan. The deli was located on the ground floor of a seven-story building, with six floors of residential apartments above it. The basement, which was only accessible through two cellar doors located on the public sidewalk adjacent to the deli, was used to store deli merchandise. There was no access from the basement to any part of the residential units of the building, or to the deli itself. The apartment residents did not have access to the basement and only deli employees were permitted to enter the basement. An employee observed defendant on the deli’s surveillance monitor enter the open doors to the deli basement and walk around the basement with a flashlight. The employee went outside, closed and locked the basement doors and called 911. The police arrived, asked defendant to climb out of the basement, and, after a struggle, arrested him.
Defendant was charged, by indictment, with one count each of burglary in the second degree (Penal Law § 140.25 [2]), burglary in the third degree (Penal Law § 140.20), resisting arrest (Penal Law § 205.30) and attempted escape in the second degree (Penal Law §§ 110.00, 205.10 [2]). At trial, at the close of the People’s case, and again after defendant testified, defense counsel moved to dismiss the burglary charges, arguing, among other things, that the deli basement was not a “dwelling” for purposes of second-degree burglary because there was no testimony that one could get into the building or into the deli from the basement. The trial court denied the motions. A jury convicted defendant on all charges. He was sentenced as a second violent felony offender to an aggregate prison term of *1005 seven years to be followed by five years of postrelease supervision.
A majority of the Appellate Division affirmed, rejecting defendant’s argument that his conviction for second-degree burglary should be vacated (124 AD3d 437 [2015]). The majority relied on this Court’s decision in People v McCray (23 NY3d 621 [2014]), where we reaffirmed the common-law rule established in Quinn v People (71 NY 561 [1878]):
“ [I] f a building contains a dwelling, a burglary committed in any part of that building is the burglary of a dwelling; but an exception exists where the building is large and the crime is committed in a place so remote and inaccessible from the living quarters that the special dangers inherent in the burglary of a dwelling do not exist” (23 NY3d at 624).
The majority rejected defendant’s argument that the exception to the general rule applied, reasoning that although the inaccessibility requirement appeared to have been met, the exception was inapplicable because the building was not large. The dissent concluded that the exception applied and that there had not been a burglary of a dwelling because the basement was “entirely sealed off and inaccessible from the residences above” (124 AD3d at 440-441). The dissent disagreed with the majority that the exception recognized in McCray only applied to “large” buildings, and instead, concluded that, “[w]hile a building’s size may inform the determination as to whether the residential elements were accessible, size per se is not a dispositive factor” (id. at 441).
Burglary in the third degree is committed when a person “knowingly enters or remains unlawfully in a building with intent to commit a crime therein” (Penal Law § 140.20). Penal Law § 140.25 (2) elevates third-degree burglary to second-degree burglary when “[t]he building is a dwelling.” A dwelling is “a building which is usually occupied by a person lodging therein at night” (Penal Law § 140.00 [3]). “Where a building consists of two or more units separately secured or occupied, each unit shall be deemed both a separate building in itself and a part of the main building” (Penal Law § 140.00 [2]). This Court explained in People v Quattlebaum (91 NY2d 744 [1998]) that the increased penalty for burglary of a dwelling was designed to prevent “midnight terror” and the “danger to human life, growing out of the attempt to defend property from *1006 depredation” (91 NY2d at 747, quoting Quinn). Of note, in 1981, the legislature eliminated any nighttime element for burglary of a dwelling (L 1981, ch 361). In McCray, this Court pointed out that a “burglary of a dwelling is a more serious crime than other burglaries [because] an intrusion into a home, or an overnight lodging, is both more frightening and more likely to end in violence” (23 NY3d at 627). “[T]hese dangers are created in significant degree when the crime is committed fin close contiguity’ with a ‘place of repose’ even though the place of the burglary and the sleeping quarters are not instantly accessible to each other” (id. at 627, quoting Quinn). But this Court observed in McCray that the legislature had not authorized “a conviction for burglary of a dwelling where the burglar neither comes nor readily can come near to anyone’s living quarters” (.McCray at 628). In this case, given the isolation of the basement itself from the rest of the building, as well as the noncontiguous relationship of the basement to the residential units of the building, defendant did not come, nor could he have readily come, near to the residences.
In McCray, where the burglaries had occurred in a hotel and connected museum, we noted that in large buildings, situations can arise in which applying the general rule—that burglary of a partly residential building is burglary of a dwelling even if the burglar enters only the nonresidential part— does not make sense. However, contrary to the People’s argument, McCray did not impose a requirement that a building must be “large” in order for the exception to apply. The size of the building may be a factor when considering whether the residential units of the building are remote and inaccessible, but a building being a “large” size, especially given the subjective nature of the word “large,” is not a dispositive factor.
Under the narrow circumstances of this case, application of the general rule as to what constitutes a dwelling in a mixed residential and commercial building within the meaning of Penal Law § 140.00 (2) is not warranted. Defendant, from a public sidewalk, entered the open cellar doors into a basement that was both entirely disconnected from the building and completely inaccessible to the residences in that building. The basement was not contiguous to any residential units. Notably, in Quinn, where this Court upheld the burglary conviction although there was no internal access between the shop which the burglar entered and the living quarters in the building, there was a yard accessible from the shop, and the living *1007 quarters could be reached by going into the yard and then up stairs (71 NY at 565). Thus, although there was no “internal communication” {id. at 573) between the store and the living quarters, Quinn’s act of breaking into the store was “likely to cause alarm and to lead to personal violence and so endanger human life” {id.). In contrast, here, the deli basement was both inaccessible to, and remote from, the residential apartments. It was inaccessible because defendant could not go anywhere into the building from the basement. He could not reach the deli or the apartments. All that he could reach from the basement was the public sidewalk. The basement was remote given that it was not used by the residents for any purposes and that there was no proof of any relationship between that space and the residents. In sum, there was no “close contiguity” {Quinn at 567) between the basement and the dwellings. Under these facts, “the special dangers inherent in the burglary of a dwelling do not exist” {McCray at 624).
Upon consideration of the evidence in this case, we conclude that the evidence was legally insufficient to support defendant’s conviction of burglary in the second degree. Defendant’s further contention that the evidence was legally insufficient to support his conviction for burglary in the third degree is without merit.