▉ The People of the State of New York, Respondent, v Jai Ortiz, Appellant. [60 NYS3d 827]—

Judgments, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered May 8, 2012, as amended May 15, 2012, convicting defendant, upon his pleas of guilty, of two counts of burglary in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 7½ years, unanimously reversed, on the law, the pleas vacated, and the matter remanded for further proceedings.

The preservation requirement for challenges to guilty pleas does not apply in this "rare case" where "defendant's factual recitation negate[d] an essential element of the crime pleaded to" and the court "accept[ed] the plea without making further inquiry to ensure that defendant underst[ood] the nature of the charge and that the plea [was] intelligently entered." Depending on the particular facts, the burglary of a store in a mixed commercial and residential building may, or may not, constitute second-degree burglary (*see People v Joseph*, 28

NY3d 1003 [2016]; *People v McCray*, 23 NY3d 621, 627-629 [2014]). Viewing the plea allocution as a whole, we conclude that defendant's responses consistently asserted that he only committed commercial burglaries, notwithstanding that other portions of the buildings were residential, and that these responses thus tended to negate the "dwelling" element of second-degree burglary. The court's follow-up questions failed to establish that defendant understood he was admitting that the dwelling requirement was satisfied, and that he was giving up his right to litigate that factual issue.

The fact that defendant attempted to raise this issue in an unsuccessful motion under CPL article 440 and failed to obtain leave to appeal does not foreclose review on direct appeal, but only limits it to review of the plea allocution record itself (*see People v Evans*, 16 NY3d 571, 574-575 [2011], *cert denied* 565 US 912 [2011]). The issue is amply reviewable on the plea minutes themselves, and neither expansion of the record nor resort to anything extrinsic to the plea colloquy is necessary. Concur—Acosta, P.J., Renwick, Webber, Oing and Moulton, JJ.