People v Muniz-Cayetano (2020 NY Slip Op 05156)





People v Muniz-Cayetano


2020 NY Slip Op 05156


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Ind No. 870-18 Appeal No. 11885 Case No. 2019-3865 

Before: Acosta, P.J., Webber, Moulton, Shulman, JJ. 


[*1]The People of the State of New York, Respondent,
v
Octaviano Muniz-Cayetano, Defendant-Appellant. 


Heriberto Cabrera & Associates, Brooklyn (Heriberto A. Cabrera of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.



Judgment, Supreme Court, New York County (Curtis J. Farber, J. at plea and plea withdrawal motion; Steven M. Statsinger, J., at sentencing), rendered March 27, 2019, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him to a prison term of two years to be followed by three years of post-release supervision, unanimously reversed, the plea vacated, and the matter remanded for further proceedings.
The trial court failed to determine defendant's understanding and waiver of his right to present a defense of intoxication once defendant referenced the same during his plea allocution.
On December 10, 2017, a female guest at the Roger Hotel in Manhattan awoke in her room to find a strange man rummaging through her purse. Defendant, a hotel employee, was captured on the hotel's video surveillance, both entering the woman's hotel room and running out of it.
On September 26, 2018, defendant, represented by counsel, entered a plea of guilty to attempted second-degree burglary with a promised sentence of two years incarceration followed by three years of post-release supervision. Defendant agreed to waive his right to appeal.
A review of the transcript of the plea allocution indicates the following colloquy:
THE COURT: Do you not want to go forward with this plea?
THE DEFENDANT: I was drunk. I was intoxicated. I was asking for help.
The court conducted no further inquiry into defendant's statements that he was intoxicated at the time of the incident, but rather asked if counsel wanted to speak with defendant. After an off-the-record discussion between counsel and defendant, the allocution continued. Later in the allocution, there was the following colloquy:
THE COURT: What was the crime you intended to commit inside?
(Defense counsel conferring with defendant.)
THE DEFENDANT: Sir, I was drunk. And I lost my mind. And I was using my cell phone in the balcony in the room. I don't know what I was doing. Cell phone to take pictures.
THE COURT: You were going to take pictures of what?
THE DEFENDANT: Of the balcony of the room. I was drunk. I was intoxicated.
THE COURT: Were you planning to take pictures of someone inside the room?
THE DEFENDANT: I got scared. They wake up.
The court then asked that counsel approach the bench. Following a discussion at the bench with the defense counsel and the assistant district attorney, counsel returned to defendant and spoke with him. The following exchange then occurred:
THE COURT: What was the crime you intended to commit therein?
THE DEFENDANT: I was looking for money from the lady.
To be valid, a plea must be entered into voluntarily, knowingly, and intelligently (see People v Hill, 9 NY3d 189, 191 [2007], cert denied 553 US 1948 [2008]). "[W]here a defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered" (People v Lopez, 71 NY2d 662, 666 [1988]) .
Here, defendant indicated during the plea colloquy that he was intoxicated during the course of the crime, thus raising the possibility of an intoxication defense. Prior to accepting the defendant's plea, the court failed to make any inquiry regarding defendant's statements or the applicability of such a defense (see People v Carter, 62 AD3d 1154 [3d Dept 2009], lv denied 13 NY3d 795 [2009]; People v Sterling, 57 AD3d 1110 [3d Dept 2008], lv denied 12 NY3d 788 [2009]). The court failed to ensure that defendant understood the defense of intoxication implicated by his initial factual statements, how that defense operated, and that defendant wished to forego his right to pursue the defense at trial (see People v Jimenez, 110 AD3d 740 [2d Dept 2013]; People v Sterling, 57 AD3d at 1112.
In Carter, the Court determined that the trial court adequately explored the defendant's intoxication defense during the plea colloquy. Specifically, the Court found that the trial court "satisfied its duty of further inquiry by advising [the] defendant that a potential intoxication defense existed and assuring that [the] defendant had discussed the issue with counsel and that he was satisfied with counsel's representation" (Carter at 1154-1155). Similarly, in People v DeCenzo (132 AD3d 1160 [3d Dept 2015], lv denied 27 NY3d 996 [2016]), the Court found that the trial court had adequately explored the issue of intoxication with a defendant who entered a plea of guilty to robbery. There, during the plea allocution, the defendant while indicating that he had taken Xanax prior to committing the crime, did not specifically contend he was unable to recall the events of the robbery. Nevertheless, the trial court specifically asked the defendant if he was aware of the concept of intoxication, which the court further explained could be considered by a jury with regard to the required element of intent, and further inquired whether the defendant had discussed the defense with his attorney. The defendant acknowledged that he had discussed a potential intoxication defense with counsel and indicated that he had no further questions for either the court or his counsel. Accordingly, the defendant's waiver of his right to pursue an intoxication defense at trial was held to be valid.
Once defendant raised the possible defense of intoxication during the allocution, the court was obligated to determine if he understood the defense, whether he in fact, had a viable defense and whether he wanted to waive the same (cf. People v Praileau, 110 AD3d 415, 416 [1st Dept 2013], lv denied 22 NY3d 1202 [2014] [finding the plea voluntary where the defendant did not make any assertions of intoxication during the plea colloquy]; cf. People v Ortega, 70 AD3d 416, 417 [1st Dept 2010], lv denied 15 NY3d 808 [2010] [the court was not obligated to inquire about a possible intoxication defense, because the defendant said nothing about intoxication in his plea allocution itself, regardless of what he may have said on other occasions]). Defendant's statement that he entered the victim's hotel room "looking for money from the lady" did not effectively recant his earlier statement as to intoxication and did not relieve the court of its duty to engage in an additional inquiry into defendant's understanding of the intoxication defense or the facts of the offense (see People v Ortiz, 154 AD3d 448 [1st Dept 2017]; People v Osgood, 254 AD2d 571 [3d Dept 1998]).
It cannot be assumed, as suggested by the People, that during the two off-the- record conversations between counsel and defendant, that counsel either discussed defendant's prior statement regarding his being intoxicated at the time of the incident or that the defense of intoxication itself was discussed. Regardless, the court failed to ensure defendant's understanding of the defense and the waiver of the same prior to accepting the plea as knowing, intelligent and voluntary.
Given the above, we need not consider defendant's other arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020