People v Carlucci (2021 NY Slip Op 04206)





People v Carlucci


2021 NY Slip Op 04206


Decided on July 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 06, 2021

Before: Acosta, P.J., Kapnick, Moulton, Scarpulla, JJ. 


Ind No. 0735/16, 0750/16, 1377/16 Appeal No. 14159 Case No. 2018-4671 

[*1]The People of the State of New York, Respondent,
v
John Carlucci, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), and Sullivan & Cromwell LLP, New York (Sarah M. Cravens of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Franklin R. Guenthner of counsel), for respondent.



Judgment, New York County (Melissa C. Jackson, J. at consolidation motion; Michael J. Obus, J. at jury trial and sentencing), rendered July 9, 2018, as amended July 10, 2018, convicting defendant of burglary in the second degree (two counts), burglary in the third degree (four counts) and grand larceny in the fourth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 16 years to life, unanimously affirmed.
The court providently exercised its discretion by granting the People's motion to consolidate indictments relating to a total of six separate incidents. The charges were joinable as legally similar pursuant to CPL 200.20 (2) (c), and defendant failed to make a sufficient showing for a discretionary severance pursuant to CPL 200.20 (3). The primary evidence supporting each of the six charges consisted of surveillance video footage from which defendant could be clearly identified. Although there was additional evidence regarding some of the burglaries, there was no material variance in the quantity of proof, and the evidence was easily segregable in the minds of the jurors (see People v Lane, 56 NY2d 1, 8-9 [1982]; People v Streitferdt, 169 AD2d 171, 176 [1st Dept 1991], lv denied 78 NY2d 1015 [1991]; People v Ndeye, 159 AD2d 397 [1990], lv denied 76 NY2d 793 [1st Dept 1990]).
Defendant did not preserve his legal sufficiency claim regarding the dwelling element of his second-degree burglary convictions, which involved mixed residential/commercial buildings, and we decline to review it in the interest of justice. The record fails to establish that, by way of pretrial motion practice, defendant sufficiently preserved the fact-specific claims he makes on appeal in the manner contemplated by People v Finch (23 NY3d 408, 412-416 [2014]). As an alternative holding, we find that the evidence was legally sufficient to establish the dwelling element. We similarly find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Both buildings contained residences, and the basements that defendant broke into were not "so remote and inaccessible from the living quarters that the special dangers inherent in the burglary of a dwelling do not exist" (People v McCray, 23 NY3d 621, 624 [2014]). There is no requirement that the commercial and residential portions be "instantly accessible to each other" (id. at 627). Neither of these basements was the type of completely disconnected commercial basement described in People v Joseph (28 NY3d 1003 [2016]).
Defendant did not preserve his claims that the People made improper remarks in their opening statement and summation, and we decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). [*2]The People's permissible arguments regarding evidence that applied to more than one charge did not constitute an improper propensity argument.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 6, 2021