People v Khalil (2021 NY Slip Op 06629)





People v Khalil


2021 NY Slip Op 06629


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-03653
 (Ind. No. 111/18)

[*1]The People of the State of New York, respondent,
v
Ali Khalil, appellant.


Jonathan Rosenberg, PLLC, Brooklyn, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered March 1, 2019, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In order to be valid and enforceable, a plea of guilty must be entered knowingly, voluntarily, and intelligently (see People v Brown, 14 NY3d 113, 116; People v Hill, 9 NY3d 189, 191; People v Hollman, 197 AD3d 484, 484). "[W]here a defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered" (People v Lopez, 71 NY2d 662, 666; see People v Mox, 20 NY3d 936, 938; People v Jiminez, 110 AD3d 740, 741).
Here, while the defendant informed the County Court that he was under the influence of Xanax at the time that he committed the crime, he did not indicate that he could not recall the subject events (cf. People v Muniz-Cayetano, 186 AD3d 1169, 1170-1171; People v Jiminez, 110 AD3d at 741). The court thereafter affirmed with both the defendant and his attorney that he was aware of an intoxication defense and that he was choosing not to pursue this defense (see People v White, 164 AD3d 959, 960; People v Sterling, 57 AD3d 1110, 1112). Accordingly, the court sufficiently ensured that the defendant validly waived the right to pursue a potential intoxication defense at trial.
The defendant's contention that he was denied the effective assistance of counsel is without merit. The defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's challenged conduct (see People v Simmons, 133 AD3d 896, 897).
The contention in point III of the defendant's brief is unpreserved for appellate review and, in any event, without merit. The defendant's remaining contention is without merit. 
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court