People v Edwards (2021 NY Slip Op 07088)





People v Edwards


2021 NY Slip Op 07088


Decided on December 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 21, 2021

Before: Renwick, J.P., Oing, Singh, Scarpulla, Pitt, JJ. 


Ind. No. 5047/14, 5456/14, 5400/14, 22/15 Appeal No. 14888-14888A-14888B-14888C Case No. 2017-1446 

[*1]The People of the State of New York, Respondent,
v
Barry Edwards, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Claire Lynch of counsel), for respondent.



Judgments, Supreme Court, New York County (Melissa C. Jackson, J. at pleas, Ronald A. Zweibel, J. at sentencing), rendered February 18, 2016, as amended April 12, 2016, convicting defendant, upon his pleas of guilty, of attempted burglary in the second degree (two counts), burglary in the third degree (eight counts) and attempted burglary in the third degree, and sentencing him, as a persistent felony offender, to an aggregate term of 12 years to life, unanimously affirmed.
Defendant did not preserve his challenge to his pleas to attempted second-degree burglary, and we decline to review it in the interest of justice. The narrow exception to the preservation rule explained in People v Lopez (71 NY2d 662, 665-666 [1988]) does not apply because defendant's factual recitation did not negate any element of the crime or cast significant doubt on his guilt. As an alternative holding, we find that the pleas were knowing, intelligent and voluntary. Defendant expressly admitted that the premises in question were dwellings, and, unlike the defendant in People v Ortiz (154 AD3d 448, 449 [1st Dept 2017]), this defendant did not assert anything to the contrary in his allocution. Accordingly, the court had no special affirmative obligation to ensure that defendant understood the meaning of the term "dwelling." 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2021