People v Coleman (2025 NY Slip Op 07135)

People v Coleman

2025 NY Slip Op 07135

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, OGDEN, DELCONTE, AND HANNAH, JJ.

779 KA 23-00458

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEMETRIS COLEMAN, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER, MORGAN, LEWIS & BOCKIUS LLP, NEW YORK CITY (MATTHEW E. COOPER OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 15, 2023. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Monroe County, for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a nonjury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a controlled substance in the seventh degree (§ 220.03). In appeal No. 2, defendant appeals, by permission of this Court, from an order denying his motion to vacate the judgment of conviction pursuant to CPL 440.10 on the ground that he was denied effective assistance of counsel. Defendant's conviction stems from a traffic stop after which a firearm and oxycodone pills were found in a rental car that defendant was driving.
With respect to appeal No. 1, defendant's present contentions concerning his consent to search his vehicle are "raised for the first time on appeal and thus are not preserved for our review" (People v Carter, 39 AD3d 1226, 1227 [4th Dept 2007], lv denied 9 NY3d 863 [2007]; see People v Reed, 34 AD3d 1364, 1364 [4th Dept 2007], lv denied 8 NY3d 884 [2007]). Similarly, defendant's contention that his waiver of the right to a jury trial was not knowing, intelligent, and voluntary is not preserved for our review. Defendant "failed to challenge the adequacy of the allocution related to his jury trial waiver[ and, thus,] failed to preserve . . . [his] challenge to the sufficiency of [Supreme Court's] inquiry" (People v Barnett, 221 AD3d 1421, 1422 [4th Dept 2023], lv denied 41 NY3d 964 [2024] [internal quotation marks omitted]; see People v McCoy, 174 AD3d 1379, 1381 [4th Dept 2019], lv denied 34 NY3d 982 [2019], reconsideration denied 35 NY3d 994 [2020]; People v Hailey, 128 AD3d 1415, 1415-1416 [4th Dept 2015], lv denied 26 NY3d 929 [2015]). We decline to exercise our power to review defendant's unpreserved contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]) in appeal No. 1.
With respect to appeal No. 2, we note, preliminarily, that defendant was granted leave to appeal pursuant to CPL 460.15 in the interest of justice and judicial economy notwithstanding that the CPL 440.10 motion was prematurely made prior to sentencing (see People v Burt, 246 AD2d 919, 923 [3d Dept 1998], lv denied 91 NY2d 1005 [1998]; cf. CPL 440.10 [1]; People v Spirles, 294 AD2d 810, 811 [4th Dept 2002], lv denied 98 NY2d 713 [2002], reconsideration denied 99 NY2d 540 [2002]).
Defendant's contention that he was deprived of his right to be present at a material stage of trial when defense counsel attempted to negotiate an adjournment was not raised in the CPL 440.10 motion and, thus, is not properly before us (see People v Lovette, 188 AD3d 1726, 1727 [4th Dept 2020], lv denied 36 NY3d 1051 [2021]; People v Ortega, 70 AD3d 416, 417 [1st Dept 2010], lv denied 15 NY3d 808 [2010]; People v Goodell, 221 AD2d 1009, 1010 [4th Dept 1995], lv denied 88 NY2d 848 [1996]).
Defendant's contention that he was denied his constitutional right to effective assistance of counsel was properly raised in the CPL 440.10 motion, and we agree with defendant that the court "should not have denied the motion without a hearing" (People v Kellam, 237 AD3d 1520, 1521 [4th Dept 2025]). In support of that claim, defendant established that there were sufficient questions of fact whether defense counsel failed to prepare for the hearing on defendant's motion to suppress physical evidence recovered during the search of his rental car, failed to establish facts or advance arguments in support of that motion, failed to communicate with defendant about strategy, failed to prepare for trial, pressured defendant to waive his right to a jury trial due to lack of preparation, and failed to present a sufficient defense at the bench trial. Defendant is thus "entitled to an opportunity to establish that [he] was deprived of meaningful legal representation," including with respect to whether defense counsel improperly pressured defendant to waive his right to a jury trial in order to obtain time to prepare for trial (People v Caldavado, 26 NY3d 1034, 1036 [2015] [internal quotation marks omitted]; see Kellam, 237 AD3d at 1521; People v Wilson [appeal No. 2], 162 AD3d 1591, 1592-1593 [4th Dept 2018]), and we therefore reverse the order and remit the matter to Supreme Court for a hearing
pursuant to CPL 440.30 (5) on defendant's claim of ineffective assistance of counsel.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court